**Manuel JOSEPH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–83–808–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 20, 1984.

Randy McDonald, Houston, for appellant.

Calvin A. Hartmann, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Manuel Joseph appeals from his conviction by a jury of aggravated robbery. Punishment, enhanced by two prior felony convictions, was assessed at sixty-five years confinement in the Texas Department of Corrections. Appellant's sole ground of error is insufficiency of the evidence. We affirm.

On May 19, 1983, appellant and another man entered the premises of Ful-Line Health Foods, pulled out guns and demanded money of store employee Donna Ferguson. One of the men also brandished a gun at store manager Joyce Swarb and her daughter Fairie Gholston, who were in the back of the store when the men first entered.

In the course of the robbery the two men forced the victims to give up their jewelry. Their purses and the store's money bag were also taken.

The victims were repeatedly threatened with harm if they did not help the men find the money bag and the purses. Fairie Gholston and Joyce Swarb testified that both men pointed guns directly at them at point-blank range and said, "I'm going to have to kill you."

The men then forced the victims to huddle in the bathroom while the men searched the store for valuables. At this point one of the men warned Fairie Gholston, "If you open the door, I'll blow your head off." A moment later, when Ms. Gholston tried to open the bathroom door, the man said, "I'm going to blow your head off if you don't get in the bathroom. I told you not to touch that door."

In her testimony Joyce Swarb described the type of weapon used in the incident as a "long-barrelled gun." In their remaining testimony all three women simply referred to the weapons as "guns."

■ The indictment charging appellant with aggravated robbery alleged that appellant committed the offense by "using and exhibiting a deadly weapon, to wit: a

firearm." Appellant contends that the State failed to prove the use of a firearm beyond a reasonable doubt. Specifically he alleges that the reference to "guns" and to a "long-barrelled gun" by the three state's witnesses at trial were insufficient to establish that a *firearm* was used.

In *Wright v. State*, 591 S.W.2d 458 (Tex.Crim.App.1979), testimony as to a weapon alternatively referred to at trial as a gun, a pistol, and a revolver was held sufficient to prove the use of a "deadly weapon." In *Riddick v. State*, 624 S.W.2d 709 (Tex.App.—Houston [14th Dist.] 1981, no pet.), we held that where a witness has positively identified a weapon as a pistol, nothing more is required to support a conviction of the use of "a deadly weapon, to wit, a firearm." Absent any specific indication to the contrary at trial, a gun is a firearm. Appellant's ground of error is therefore without merit and is overruled.

The judgment and order of the trial court are affirmed.