TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00427-CR







Franklin Harris, Jr., Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 0961437, HONORABLE BOB PERKINS, JUDGE PRESIDING







 Appellant Franklin Harris, Jr. appeals from convictions for possession of a prohibited
weapon and the unlawful possession of a firearm by a felon. See Tex. Penal Code Ann. §§ 46.04,
46.05(a)(3) (West 1994). The trial court assessed appellant's punishment, enhanced by a prior felony
conviction, at imprisonment for nine years and made an affirmative finding that appellant used a deadly
weapon in the commission of the offenses. See Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (West
1997).

 Appellant asserts the trial court erred in finding appellant used a deadly weapon, in forcing
him to trial in prison-issued clothing, and in failing to direct a verdict for him because the evidence was
insufficient to show he possessed a short-barrel firearm. We will sustain appellant's first two points of error
and order deleted from the judgment the affirmative finding of the use of a deadly weapon; we will overrule
the remaining points of error and affirm the judgment of the trial court.

 In his first two points of error, appellant argues that the trial court erred in finding that a
deadly weapon was used in the commission of the offense of which he was convicted. Appellant is correct. 
The Court of Criminal Appeals, citing Patterson v. State, 769 S.W.2d 938 (Tex. Crim. App. 1989),
interpreted "use of a deadly weapon in the context of Art. 42.12 § 3g(a)(2)" to include simple possession
if such possession "facilitates an associated felony." Ex parte Petty, 833 S.W.2d 145, 145-46 (Tex.
Crim. App. 1992). "[T]o 'use' a deadly weapon for affirmative finding purposes, the weapon must be
utilized to achieve an intended result, namely, the commission of a felony offense separate and distinct from
'mere' possession." Id.

 In a possession of a prohibited weapon case, the Court of Criminal Appeals found that the
weapon was not "used" in the furtherance of any collateral felony and held: "Because there was no
associated felony facilitated by appellant's possession of the short-barrel firearm, our holding in Ex parte
Petty . . . dictates that the affirmative finding of a deadly weapon was error." Narron v. State, 835
S.W.2d 642, 644 (Tex. Crim. App. 1992). Because there was no associated felony facilitated by
defendant's possession of the short-barrel firearm, the court ordered the deletion of the affirmative finding
from the judgment. Id.

 The State argues that Petty and Narron can be distinguished from the instant case because
the evidence shows appellant displayed and cocked a firearm in view of a victim, thus committing an
aggravated assault by threat. However, the State did not convict appellant of the offense of aggravated
assault or any other felony offense in which he "used" the weapon he was convicted of possessing. There
was no conviction of an associated, collateral, or separate and distinct felony offense in which to
incorporate the affirmative finding that appellant used a deadly weapon. We conclude that both Petty and
Narron require us to order the modification of the judgment by the deletion of the affirmative finding that
appellant "used" a deadly weapon.

 In his third and fourth points of error, appellant complains that the trial court forced him to
trial in ill-fitting "prison issued 'trial' clothes" which deprived him of the presumption of innocence and the
constitutional right of due process. The State cannot, consistent with the Fourteenth Amendment, compel
an accused to stand trial before a jury dressed in identifiable prison clothes. Estelle v. Williams, 425 U.S.
501, 512 (1976). But that is not what happened here.

 Before announcing ready for trial defense counsel objected.


Your Honor, the defendant objects to proceeding at this point in time since my client is in
ill-fitting clothes and is also in jailhouse slippers with white socks. And has to wear a shirt
outside his pants because the pants the jail provided to him are way too tight. And we
object.



The trial court ascertained that appellant had been in jail for two months before trial but had not had
"civilian clothing" brought for him to wear during trial. The court then stated: "Let the record reflect he is
in civilian clothes. I can't see his slippers but I am certain the slippers won't have a prejudicial effect on
the jury panel." Defense counsel then informed the court that appellant's mother was bringing clothes for
him to wear but she had been delayed. When appellant's mother arrived at the courthouse with his clothes,
appellant was not allowed to change in the holding cell because the Sheriff had a policy against prisoners
changing clothes in the holding cell. Counsel renewed his objection. The trial court stated that the jury had
been waiting for thirty minutes. Appellant rejected the court's offer to let him change clothes at the first
break. Counsel stated that if appellant changed clothes at the break it would only emphasize that appellant
was in custody. If the circumstances were as stated in counsel's objection and as revealed by the colloquy
between counsel and the court, the trial court did not abuse its discretion in proceeding with the trial. The
record does not show that appellant was forced to trial wearing identifiable jail clothing. Moreover,
appellant has not preserved for appellate review the matter he presents in these points of error. Only the
colloquy between the court and the defense counsel and counsel's objections are contained in the record. 
There is no evidence in the record showing that appellant was forced to wear ill-fitting prison issued jail
clothes. The statement of facts merely shows that such an objection was made. There is no evidence in
the record to show that appellant's objections were true. See Salazar v. State, 397 S.W.2d 220, 222-23
(Tex. Crim. App. 1966). Appellant has the burden to present a record to the appellate court sufficient to
show error that demands reversal. Tex. R. App. P. 50(d). Johnson v. State, 894 S.W.2d 529, 535 (Tex.
App.--Austin 1995, no pet.). Even if appellant's contentions had been properly preserved for appellate
review, they are without merit. Points of error three and four were not properly preserved for review and
are overruled.

 In his fifth point of error, appellant contends the trial court erred in refusing to grant his
motion for a directed verdict when the State did not prove the device he possessed was a short-barrel
firearm because there was no testimony "the device could expel a projectile thru the explosive use of
gunpowder." The State alleged that appellant possessed "a short-barrel firearm, to-wit: a shotgun with a
barrel length of less than 18 inches."

 A witness testified that he called for police officers to come to the apartment complex
where he lived when he saw two gangs of young men he thought were about to start fighting. This witness
saw appellant take a shotgun from the trunk of a car. The witness identified State's Exhibit 1 as the shotgun
appellant took from the car's trunk. When a City of Austin police officer came to the scene he recognized
one of the young men. The officer testified without objection that the young man told him one of the other
gang members had taken a sawed-off 12-gauge shotgun with a pistol grip from the trunk of a car. The
officer found and removed from the trunk of the car a shotgun. There were two shells in the shotgun. One
was in the chamber and the other was in the magazine. These shotgun shells were identified as State's
Exhibit 3. During his testimony the officer displayed and measured before the jury State's Exhibit 1. He
testified the shotgun was a prohibited weapon. When State's Exhibits 1 and 3 were offered and admitted
in evidence, appellant's counsel affirmatively stated there was no objection to their admission in evidence. 
More importantly there was no objection that State's Exhibit 1 was not a shotgun or a firearm. Absent any
specific indication to the contrary at trial, a "gun" is a firearm. Joseph v. State, 681 S.W.2d 738, 739
(Tex. App.--Houston [14th Dist.] 1984, no pet.). A shotgun is a firearm. Tex. Penal Code Ann.
§ 46.01(3) (West 1994); Lee v. State, 866 S.W.2d 298, 300-1 (Tex. App.--Fort Worth 1994, pet.
ref'd). A firearm is a deadly weapon. Tex. Penal Code Ann. § 1.07(a)(17) (West 1994); Gomez v.
State, 685 S.W.2d 333, 336 (Tex. Crim. App. 1985); see Ex parte Franklin, 757 S.W.2d 787 (Tex.
Crim. App. 1988). The evidence is ample to sustain the State's allegations that appellant possessed a
short-barrel firearm. It was unnecessary for the State to prove the "device could expel a projectile thru
the explosive use of gunpowder." Appellant's fifth point of error is overruled.

 The judgment is ordered reformed by deleting the affirmative finding that a deadly weapon
was used; as reformed, the judgment is affirmed. Copies of this opinion will be sent to the Texas
Department of Criminal Justice, Institutional Division and the Board of Pardons Division.



 

 Carl E. F. Dally, Justice

Before Justices Aboussie, Kidd and Dally*

Reformed and, as Reformed, Affirmed

Filed: June 26, 1997

Do Not Publish







* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).



t the break it would only emphasize that appellant
was in custody. If the circumstances were as stated in counsel's objection and as revealed by the colloquy
between counsel and the court, the trial court did not abuse its discretion in proceeding with the trial. The
record does not show that appellant was forced to trial wearing identifiable jail clothing. Moreover,
appellant has not preserved for appellate review the matter he presents in these points of error. Only the
colloquy between the court and the defense counsel and counsel's objections are contained in the record. 
There is no evidence in the record showing that appellant was forced to wear ill-fitting prison issued jail
clothes. The statement of facts merely shows that such an objection was made. There is no evidence in
the record to show that appellant's objections were true. See Salazar v. State, 397 S.W.2d 220, 222-23
(Tex. Crim. App. 1966). Appellant has the burden to present a record to the appellate court sufficient to
show error that demands reversal. Tex. R. App. P. 50(d). Johnson v. State, 894 S.W.2d 529, 535 (Tex.
App.--Austin 1995, no pet.). Even if appellant's contentions had been properly preserved for appellate
review, they are without merit. Points of error three and four were not properly preserved for review and
are overruled.

 In his fifth point of error, appellant contends the trial court erred in refusing to grant his
motion for a directed verdict when the State did not prove the device he possessed was a short-barrel
firearm because there was no testimony "the device could expel a projectile thru the explosive use of
gunpowder." The State alleged that appellant possessed "a short-barrel firearm, to-wit: a shotgun with a
barrel length of less than 18 inches."

 A witness testified that he called for police officers to come to the apartment complex
where he lived when he saw two gangs of young men he thought were about to start fighting. This witness
saw appellant take a shotgun from the trunk of a car. The witness identified State's Exhibit 1 as the shotgun
appellant took from the car's trunk. When a City of Austin police officer came to the scene he recognized
one of the young men. The officer testified without objection that the young man told him one of the other
gang members had taken a sawed-off 12-gauge shotgun with a pistol grip from the trunk of a car. The
officer found and removed from the trunk of the car a shotgun. There were two shells in the shotgun. One
was in the chamber and the other was in the magazine. These shotgun shells were identified as State's
Exhibit 3. During his testimony the officer displayed and measured before the jury State's Exhibit 1. He
testified the shotgun was a prohibited weapon. When State's Exhibits 1 and 3 were offered and admitted
in evidence, appellant's counsel affirmatively stated there was no objection to their admission in evidence. 
More importantly there was no objection that State's Exhibit 1 was not a shotgun or a firearm. Absent any
specific indication to the contrary at trial, a "gun" is a firearm. Joseph v. State, 681 S.W.2d 738, 739
(Tex. App.--Houston [14th Dist.] 1984, no pet.). A shotgun is a firearm. Tex. Penal Code Ann.
§ 46.01(3) (West 1994); Lee v. State, 866 S.W.2d 298, 300-1 (Tex. App.--Fort Worth 1994, pet.
ref'd).