HARRIS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-193-CR

WALTER EARL HARRIS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Walter Earl Harris appeals his conviction for aggravated assault with a deadly weapon.  The jury found Harris guilty and, after he pleaded true to the habitual offender allegation in the indictment, assessed his punishment at twenty-five years’ imprisonment.  The trial court sentenced Harris accordingly.  In two points, Harris argues that the evidence is legally and factually insufficient to prove that he used a firearm.  Specifically, Harris argues that there was no or insufficient evidence to support the “conclusions” of the State’s witnesses that the object that they saw was a firearm as defined by statute. 

As James Reid was driving his BMW on Rufe Snow Drive in North Richland Hills with his wife, Elizabeth Reid, and their two-year-old son, Andrew, as passengers, a silver Ford-150 extended cab truck passed them on the wrong side of the road, into oncoming traffic.  Steven Bergen and his wife, Veronica Bergen, were driving home from work at that time, and the silver truck also passed their vehicle.  The driver of the truck, Harris, was holding up the middle finger of his left hand, making an obscene gesture, and was shouting at the BMW driven by Mr. Reid.   

When the vehicles came to a red light, Harris got out of his truck and began yelling at Mr. Reid.  The Bergens could not hear all of the words, but they could tell that Harris was cursing at Mr. Reid.  Mr. Reid stepped out of his car and told Harris that he needed to get back in his truck.  Harris opened the back door of his truck and removed a white towel or t-shirt.  Harris unwrapped the cloth and took out what looked like a gun, and he pointed the object at Mr. Reid.  Mr. Reid cut across oncoming traffic to get away from Harris, and Harris threw the object in his truck and drove away. 

The Bergens followed Harris, wrote down the truck’s license plate number, and called the police.  A police officer who received the dispatch information saw the truck at a gas station about six or seven blocks from the location of the incident.  Police recovered a white towel or t-shirt from Harris’s truck, but they did not find a gun.  

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).
  
The standard of review is the same for direct and circumstantial evidence cases.  
Burden v. State
, 55 S.W.3d 608, 613 (Tex. Crim. App. 2001); 
Kutzner v. State
, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999).

In contrast, when reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) when the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment and, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
.    

In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

A person commits the offense of assault if the person “intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse.”  
Tex. Penal Code Ann. § 
22.01(a)(2) (Vernon Supp. 2005).  An assault becomes aggravated if the person “uses or exhibits a deadly weapon during the commission of the assault.” 
 Id.
 § 22.02(a)(2).  Here, the indictment alleged that Harris committed aggravated assault by using or exhibiting a deadly weapon, “to-wit: a firearm,” and therefore, the State was required to prove beyond a reasonable doubt that Harris used or exhibited a firearm.  
See Gomez v. State
, 685 S.W.2d 333, 336 (Tex. Crim. App. 1985). 

The Texas Penal Code’s definition of a deadly weapon includes “a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury.”  
Tex. Penal Code Ann. 
§ 1.07(17)(a) (Vernon Supp. 2005).  The term “gun” is broader than the term “firearm” and may include nonlethal instruments such as B.B. guns, blow guns, pop guns, or grease guns.  
O’Briant v. State
, 556 S.W.2d 333, 336 (Tex. Crim. App. 1977).  Absent any specific indication to the contrary at trial, the jury may reasonably infer from the complainant’s testimony that a “gun” was used in the commission of a crime that the gun was a firearm. 
Benavides v. State
, 763 S.W.2d 587, 589 (Tex. App.—Corpus Christi 1988, pet. ref’d); 
see Joseph v. State
, 681 S.W.2d 738, 739 (Tex. App.—Houston [14th Dist.] 1984, no writ) (testimony that defendant used “gun” or “long-barrelled gun” was sufficient to establish that he used a firearm).  Additionally, testimony regarding the use of a revolver or a pistol is sufficient to support a finding of use and exhibition of a firearm.  
See Gomez
, 685 S.W.2d at 336;
 Riddick v. State
, 624 S.W.2d 709, 711 (Tex. App.—Houston [14th Dist.] 1981, no pet.).   

Here, the record is replete with evidence that Harris used or exhibited a firearm as alleged in the indictment.  Mr. Bergen testified that the object that Harris pointed at Reid was “a pistol,” “the gun,” and “a revolver.”  Mrs. Bergen testified that the object was a black “longer-barreled gun” and that it was a revolver.  She stated that she did not know much about guns and that she did not know whether it was a real gun.  Mr. Reid testified that Harris pointed “a pistol” at him, his wife, and his son.  Mr. Reid testified that he “saw what looked like a revolver, black, wooden handle.”  He testified that he is familiar with guns because he frequently hunts, he was in the Marine Corps for five years, and he likes guns.  Mrs. Reid testified that she was familiar with guns because she grew up in the country and her father taught her how to load, shoot, and clean a gun.  She testified that the object was a black or brown revolver.  Contrary to Harris’s assertion, if, as here, a weapon is not recovered, corroboration of the complainant’s description of the weapon in the form of expert testimony is not required.
(footnote: 2)  
Gomez
, 685 S.W.2d at 336; 
Porter v. State
, 601 S.W.2d 721, 723 (Tex. Crim. App. 1980).  

Viewing all the evidence in the light most favorable to 
the verdict, we hold that a rational trier of fact could have found beyond a reasonable doubt that Harris used or exhibited a firearm.  
See Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789; 
Hampton
, 165 S.W.3d at 693.  Moreover, viewing all the evidence in a neutral light, favoring neither party, we hold that the jury was rationally justified in finding guilt beyond a reasonable doubt; 
the evidence supporting the verdict is not too weak to support the finding of guilt beyond a reasonable doubt, and the contrary evidence is not so strong that the beyond-a-reasonable-doubt standard could not have been met.  
Zuniga
, 144 S.W.3d
 at 484-85.  We overrule both of Harris’s points and affirm the trial court’s judgment. 

PER CURIAM

PANEL F: WALKER, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  July 13, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Harris also argues that 
Torres v. State
, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005) and 
Ford v. State
, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005) support his argument that the “mere conclusions” of the prosecution’s witnesses that the object was a firearm were insufficient or no evidence to prove that the item was a firearm.  But those cases dealt with insufficient evidence to support the trial courts’s determinations during the suppression hearings that the officers had either reasonable suspicion to detain or probable cause to arrest the defendants.  
See Torres
, 182 S.W.3d at 902 (holding that insufficient evidence existed to support arresting officer’s probable cause determination when he testified at the suppression hearing that he arrested defendant because two sheriff’s deputies told him that they believed the defendant was intoxicated)
; Ford
, 158 S.W.3d at 493 (holding that officer’s statement at suppression hearing that the defendant violated a traffic law by following another car too closely, without specific, articulable facts to support the conclusion, was insufficient evidence for the trial court to assess whether his opinion was objectively reasonable).  These cases are clearly distinguishable from the present case.  Here, the eyewitnesses’s statements were not mere conclusions or opinions that the object was a firearm; the eyewitnesses’s statements provided specific facts from which the jury could evaluate the reasonableness of their beliefs that the object was a firearm.