COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 02-06-061-CR

JOHN D. RANDLE APPELLANT

V.

THE STATE OF TEXAS STATE

      ------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
 

------------

Appellant John D. Randle appeals his conviction for aggravated robbery with a deadly weapon.  A jury found Randle guilty, and after Randle pleaded “true” to the enhancement paragraph in the indictment, the trial court sentenced him to fifty years’ confinement.  In two points, Randle contends 
that the evidence is legally and factually insufficient to prove that he used a firearm
 as alleged in the indictment.  
Specifically, Randle argues that there was no or insufficient evidence to support the “conclusions” of the State’s witnesses that the object that they saw was a firearm as defined by statute.  

On October 21, 2004, Randle entered a Pizza Hut restaurant.  He approached the counter, lifted his shirt, pointed to a gun stuck inside his waistband, and said, “Looky here,” to the employee standing behind the counter.  He told the employee, Amanda Anthis, “Okay, give me all of the money.”  After Anthis gave Randle the money from the cash register, Randle told her to come out from behind the counter and walk out of the store with him.  Anthis refused, and Randle jumped over the counter and pulled the gun out from under his shirt.  Randle walked Anthis to the back of the store and waved his gun towards two other employees, Mercedes Rivera and Joe Ridge, who had not noticed what was happening at the counter.  Randle told Rivera and Ridge to go into the walk-in freezer, and Randle closed the door.  He then ordered Anthis to walk out of the restaurant with him, and when the two got outside, Randle told Anthis not to follow him, and he walked around the building.  Randle was arrested the following day, but the police did not find a firearm while searching his home.  

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).
  
The standard of review is the same for direct and circumstantial evidence cases.  
Burden v. State
, 55 S.W.3d 608, 613 (Tex. Crim. App. 2001); 
Kutzner v. State
, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999).

In contrast, when reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) when the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment and, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
.    

In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

  A robbery may become aggravated if the defendant uses or exhibits a 

deadly weapon.  
Tex. Penal Code Ann. § 
29.03(a)(2) (Vernon  2003).  Here, the indictment alleged that Randle committed aggravated robbery by using or exhibiting a deadly weapon, “to-wit: a firearm,” and, therefore, the State was required to prove beyond a reasonable doubt that Randle used or exhibited a firearm.  
See Gomez v. State
, 685 S.W.2d 333, 336 (Tex. Crim. App. 1985). 

The Texas Penal Code’s definition of a deadly weapon includes “a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury.”  
Tex. Penal Code Ann. 
§ 1.07(a)(17)(A) (Vernon  Supp. 2006).  The term “gun” is broader than the term “firearm” and may include nonlethal instruments such as B.B. guns, blow guns, pop guns, or grease guns.  
O’Briant v. State
, 556 S.W.2d 333, 336 (Tex. Crim. App. 1977).  Absent any specific indication to the contrary at trial, the jury may reasonably infer from the complainant’s testimony that a “gun” was used in the commission of a crime that the gun was a firearm.  
Benavides v. State
, 763 S.W.2d 587, 589 (Tex. App.—Corpus Christi 1988, pet. ref’d); 
see Joseph v. State
, 681 S.W.2d 738, 739 (Tex. App.—Houston [14th Dist.] 1984, no pet.) (testimony that defendant used “gun” or “long-barrelled gun” was sufficient to establish that he used firearm).  Additionally, testimony regarding the use of a revolver or a pistol is sufficient to support a finding of use and exhibition of a firearm.  
See Gomez
, 685 S.W.2d at 336;
 Riddick v. State
, 624 S.W.2d 709, 711 (Tex. App.—Houston [14th Dist.] 1981, no pet.).   

Here, Anthis testified that the object Randle removed from his waistband and pointed at her was “a gun,” “a firearm.”  She described the weapon as a “white pearl-handled gun” with “gold trim,” and she testified that she was “pretty sure it was an automatic [because she] didn’t see any revolver or anything like that.”  
Rivera
 testified that the object Randle used to motion to her and Anthis was “a pistol,” “a gun.”  Finally, the officer who interviewed Anthis at the scene opined that the weapon was a firearm and a deadly weapon based on Anthis’s description of the weapon and based on the officer’s “experience with weapons” as a police officer.
(footnote: 2)  Randle did not introduce any evidence at trial.  

Viewing all the evidence in the light most favorable to 
the verdict, we hold that a rational trier of fact could have found beyond a reasonable doubt that Randle used or exhibited a firearm.  
See Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789; 
Hampton
, 165 S.W.3d at 693.  Moreover, viewing all the evidence 
in a neutral light, favoring neither party, we hold that the jury was rationally justified in finding guilt beyond a reasonable doubt; 
the evidence supporting the verdict is not too weak to support the finding of guilt beyond a reasonable doubt, and the contrary evidence is not so strong that the beyond-a-reasonable-doubt standard could not have been met.  
See Zuniga
, 144 S.W.3d
 at 484-85.

We overrule both of Randle’s points
(footnote: 3) and affirm the trial court’s judgment.

PER CURIAM

PANEL F: WALKER, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  September 7, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Randle argues that the police officer’s testimony does not establish that she was a firearms expert, but if, as here, a weapon is not recovered, corroboration of the complainant’s description of the weapon in the form of expert testimony is not required.  
See Gomez
, 685 S.W.2d at 336; 
Porter v. State
, 601 S.W.2d 721, 723 (Tex. Crim. App. [Panel Op.] 1980).

3:
We note that Randle also argues that 
Torres v. State
, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005); and 
Ford v. State
, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005); support his argument that the “conclusions” and “opinions” of the prosecution’s witnesses that the object was a firearm were insufficient evidence to prove that the item was a firearm.  But, as we have previously held in 
Harris v. State
, No. 02-05-00193-CR, 2006 WL 1920662, at *3 n.2 (Tex. App.—Fort Worth July 13, 2006, pet. filed) (mem. op.) (not designated for publication), 
Torres 
and 
Ford
 dealt with insufficiency of the evidence to support the trial courts’s determinations—based on the testimony of officers during the suppression hearings—that the officers had either reasonable suspicion to detain or probable cause to arrest the defendants.  Here, the eyewitnesses, particularly Anthis, provided specific facts from which the jury could evaluate the reasonableness of their beliefs that the object was a firearm.