COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                       NO.
02-06-061-CR

 

 

JOHN D. RANDLE                                                                APPELLANT

 

 

                                                   V.

 

 

THE STATE OF TEXAS                                                               STATE

 

 

      ------------

 

        FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant John D. Randle appeals his conviction
for aggravated robbery with a deadly weapon. 
A jury found Randle guilty, and after Randle pleaded Atrue@ to the
enhancement paragraph in the indictment, the trial court sentenced him to fifty
years=
confinement.  In two points, Randle
contends that the evidence is legally and factually insufficient to prove that
he used a firearm as alleged in the indictment. 
Specifically, Randle argues that there was no or insufficient evidence
to support the Aconclusions@ of the
State=s
witnesses that the object that they saw was a firearm as defined by
statute.  

On October 21, 2004, Randle entered a Pizza Hut
restaurant.  He approached the counter,
lifted his shirt, pointed to a gun stuck inside his waistband, and said, ALooky
here,@ to the
employee standing behind the counter.  He
told the employee, Amanda Anthis, AOkay,
give me all of the money.@ 
After Anthis gave Randle the money from the cash register, Randle told
her to come out from behind the counter and walk out of the store with
him.  Anthis refused, and Randle jumped
over the counter and pulled the gun out from under his shirt.  Randle walked Anthis to the back of the store
and waved his gun towards two other employees, Mercedes Rivera and Joe Ridge,
who had not noticed what was happening at the counter.  Randle told Rivera and Ridge to go into the
walk-in freezer, and Randle closed the door. 
He then ordered Anthis to walk out of the restaurant with him, and when
the two got outside, Randle told Anthis not to follow him, and he walked around
the building.  Randle was arrested the
following day, but the police did not find a firearm while searching his
home.  








In reviewing the legal sufficiency of the
evidence to support a conviction, we view all the evidence in the light most
favorable to the verdict in order to determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v. State, 165 S.W.3d
691, 693 (Tex. Crim. App. 2005).








This standard gives full play to the
responsibility of the trier of fact to resolve conflicts in the testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.  Jackson, 443 U.S.
at 319, 99 S. Ct. at 2789.  The trier of
fact is the sole judge of the weight and credibility of the evidence.  See
Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Margraves v.
State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency
review, we may not re-evaluate the weight and credibility of the evidence and
substitute our judgment for that of the fact finder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the
evidence in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).  The standard of review is the same for direct
and circumstantial evidence cases.  Burden
v. State, 55 S.W.3d 608, 613 (Tex. Crim. App. 2001); Kutzner v. State,
994 S.W.2d 180, 184 (Tex. Crim. App. 1999).

In contrast, when reviewing the factual
sufficiency of the evidence to support a conviction, we are to view all the
evidence in a neutral light, favoring neither party.  See Zuniga v. State, 144 S.W.3d 477,
481 (Tex. Crim. App. 2004).  The only
question to be answered in a factual sufficiency review is whether, considering
the evidence in a neutral light, the fact finder was rationally justified in
finding guilt beyond a reasonable doubt. 
Id. at 484.  There are two
ways evidence may be factually insufficient: 
(1) when the evidence supporting the verdict or judgment, considered by
itself, is too weak to support the finding of guilt beyond a reasonable doubt;
or (2) when there is evidence both supporting and contradicting the verdict or
judgment and, weighing all of the evidence, the contrary evidence is so strong
that guilt cannot be proven beyond a reasonable doubt.  Id. at 484-85.  AThis
standard acknowledges that evidence of guilt can >preponderate= in
favor of conviction but still be insufficient to prove the elements of the
crime beyond a reasonable doubt.@  Id. at 485.  In other words, evidence supporting a guilty
finding can outweigh the contrary proof but still be insufficient to prove the
elements of an offense beyond a reasonable doubt.  Id.  
        








In performing a factual sufficiency review, we
are to give deference to the fact finder=s
determinations, including determinations involving the credibility and demeanor
of witnesses.  Id. at 481; Cain
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for the
fact finder=s.  Zuniga, 144 S.W.3d at 482.  

A proper factual sufficiency review requires an
examination of all the evidence.  Id.
at 484, 486-87.  An opinion addressing
factual sufficiency must include a discussion of the most important and
relevant evidence that supports the appellant=s
complaint on appeal.  Sims v. State,
99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

  A robbery
may become aggravated if the defendant uses or exhibits a 

deadly weapon.  Tex. Penal Code Ann. ' 29.03(a)(2)
(Vernon  2003).  Here, the indictment alleged that Randle
committed aggravated robbery by using or exhibiting a deadly weapon, Ato-wit:
a firearm,@ and, therefore, the State was
required to prove beyond a reasonable doubt that Randle used or exhibited a
firearm.  See Gomez v. State, 685
S.W.2d 333, 336 (Tex. Crim. App. 1985). 








The Texas Penal Code=s
definition of a deadly weapon includes Aa
firearm or anything manifestly designed, made, or adapted for the purpose of
inflicting death or serious bodily injury.@  Tex.
Penal Code Ann. ' 1.07(a)(17)(A) (Vernon  Supp. 2006). 
The term Agun@ is
broader than the term Afirearm@ and may
include nonlethal instruments such as B.B. guns, blow guns, pop guns, or grease
guns.  O=Briant
v. State, 556 S.W.2d 333, 336 (Tex. Crim. App. 1977).  Absent any specific indication to the
contrary at trial, the jury may reasonably infer from the complainant=s
testimony that a Agun@ was
used in the commission of a crime that the gun was a firearm.  Benavides v. State, 763 S.W.2d 587,
589 (Tex. App.CCorpus Christi 1988, pet. ref=d); see
Joseph v. State, 681 S.W.2d 738, 739 (Tex. App.CHouston
[14th Dist.] 1984, no pet.) (testimony that defendant used Agun@ or Along-barrelled
gun@ was
sufficient to establish that he used firearm). 
Additionally, testimony regarding the use of a revolver or a pistol is
sufficient to support a finding of use and exhibition of a firearm.  See Gomez, 685 S.W.2d at 336;
Riddick v. State, 624 S.W.2d 709, 711 (Tex. App.CHouston
[14th Dist.] 1981, no pet.).         








Here, Anthis testified that the object Randle
removed from his waistband and pointed at her was Aa gun,@ Aa
firearm.@  She described the weapon as a Awhite
pearl-handled gun@ with Agold
trim,@ and she
testified that she was Apretty sure it was an automatic
[because she] didn=t see any revolver or anything
like that.@ 
Rivera testified that the object Randle used to motion to her and Anthis
was Aa
pistol,@ Aa gun.@  Finally, the officer who interviewed Anthis
at the scene opined that the weapon was a firearm and a deadly weapon based on
Anthis=s
description of the weapon and based on the officer=s Aexperience
with weapons@ as a police officer.[2]  Randle did not introduce any evidence at
trial.  

Viewing all the evidence in the light most
favorable to the verdict, we hold that a rational trier of fact could have
found beyond a reasonable doubt that Randle used or exhibited a firearm.  See Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789; Hampton, 165 S.W.3d at 693. 
Moreover, viewing all the evidence in a neutral light, favoring neither
party, we hold that the jury was rationally justified in finding guilt beyond a
reasonable doubt; the evidence supporting the verdict is not too weak to
support the finding of guilt beyond a reasonable doubt, and the contrary
evidence is not so strong that the beyond-a-reasonable-doubt standard could not
have been met.  See Zuniga, 144
S.W.3d at 484-85.

 

 

 








We overrule both of Randle=s points[3]
and affirm the trial court=s
judgment.

 

PER CURIAM

 

PANEL F:    WALKER, J.; CAYCE,
C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  September 7, 2006

 

 

 











[1]See Tex. R. App. P. 47.4.





[2]Randle argues that the police officer=s
testimony does not establish that she was a firearms expert, but if, as here, a
weapon is not recovered, corroboration of the complainant=s description
of the weapon in the form of expert testimony is not required.  See Gomez, 685 S.W.2d at 336; Porter
v. State, 601 S.W.2d 721, 723 (Tex. Crim. App. [Panel Op.] 1980).





[3]We note that Randle also argues that Torres v.
State, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005); and Ford v. State,
158 S.W.3d 488, 493 (Tex. Crim. App. 2005); support his argument that the Aconclusions@ and Aopinions@ of the
prosecution=s witnesses that the object was a firearm were
insufficient evidence to prove that the item was a firearm.  But, as we have previously held in Harris
v. State, No. 02‑05‑00193-CR, 2006 WL 1920662, at *3 n.2 (Tex.
App.CFort Worth July 13, 2006, pet. filed) (mem. op.) (not
designated for publication), Torres and Ford dealt with
insufficiency of the evidence to support the trial courts=s
determinationsCbased on the testimony of officers during the
suppression hearingsCthat the officers had either reasonable suspicion to
detain or probable cause to arrest the defendants.  Here, the eyewitnesses, particularly Anthis,
provided specific facts from which the jury could evaluate the reasonableness
of their beliefs that the object was a firearm.