Affirmed and Memorandum Opinion filed April 12, 2007








Affirmed and Memorandum Opinion filed April 12, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-01083-CR

_______________

 

IDARINE RADA KETCHUM, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 1018571

                                                                                                                                               


 

M E M O R A ND U M  O P I N I O N

A jury
found appellant, Idarine Rada Ketchum, guilty of aggravated robbery and
sentenced her to fifteen years= confinement.  In three issues, appellant contends (1) the
evidence is legally insufficient, (2) the evidence is factually insufficient,
and (3) the line-up procedure used by the police was impermissibly suggestive,
tainting the complainant=s courtroom identification.  Because all dispositive issues
are clearly settled in law, we issue this memorandum opinion and affirm.  See
Tex. R. App. P. 47.4.

 








I.  Background 

On March
1, 2005, Maria Sanchez, complainant, was working as a bartender at the Del
Barrio bar.  Around 11:30 p.m., Sanchez and three other people were in the bar
when two African-American men and an African-American woman entered the bar. 
The faces of the two men were covered by ski masks.  The woman wore a loose,
black hooded jacket and did not have her face covered.  One man carried a
shotgun and the other man and the woman each carried smaller guns.  Initially,
one of the men went to the bar and pointed his gun to the head of a woman
sitting at the bar and asked her for money.  The other man and the woman
knocked the two men standing at the pool table to the ground.  The man at the
bar pointed his gun at Sanchez and asked her for money.  She gave him
approximately $50 from the register.  The woman approached Sanchez and standing
two to three feet from her, pointed a small gun at Sanchez=s forehead and demanded more money. 
Sanchez told the female perpetrator that she did not have any more money.  The
three perpetrators then left through the back of the bar.  Sanchez called
9-1-1. 

Officer
M.R. Burdick responded to the call. Sanchez gave him a description of the
perpetrators.  She described the female as a small, African-American woman with
a very narrow face wearing a black jacket with a hood.  The woman=s jacket was zipped-up about halfway,
revealing only skin.  Sanchez could not see whether she was wearing a shirt
underneath.  Less then two hours later, Officer Burdick located and arrested
appellant with two black males twelve blocks from the scene of the robbery. 
Appellant was in possession of approximately $50.  She was wearing a black
loose-fitting hooded jacket and a low-cut tank top that exposed her chest.








Officer
Steven Guerra, the assigned investigator, created a videotape line-up featuring
appellant and four other women.  The day after the robbery Officer Guerra
called Sanchez and asked her to view a video line-up. During the phone call, he
mentioned that some people had been arrested; however,  he was not sure whether
they were involved in the robbery.  Officer Guerra went to Sanchez=s  home later that day to show her
the video line-up. When Sanchez viewed the video line-up, she immediately
identified appellant as the female perpetrator.

At
appellant=s urging, the trial court conducted a hearing outside the presence of the
jury regarding the admissibility of Sanchez=s out-of-court and in-court
identifications of appellant to determine if the video line-up was
impermissibly suggestive.  After Sanchez and Officer Guerra testified regarding
the video line-up, the trial court concluded the State=s investigators had not engaged in
conduct that rendered the video line-up impermissibly suggestive.  Accordingly,
the trial court ruled that the out-of-court and in-court identifications by Sanchez
were admissible.  On appeal, appellant challenges this ruling as well as the
legal and factual sufficiency of the evidence.

II.  Legal Sufficiency

Appellant
contends the evidence at trial was legally insufficient to support her
aggravated robbery conviction because (1) the State did not prove beyond a
reasonable doubt that a firearm was used during the robbery, (2) no physical
evidence was recovered, (3) Sanchez was the State=s only eyewitness who testified, and
(4) out of three perpetrators, appellant was the only person charged.








In a
legal sufficiency review, we consider all the evidence in the light most
favorable to the verdict and determine whether a rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443
U.S. 307, 319 (1979); Salinas v. State, 163 S.W.3d 734, 737 (Tex. Crim.
App. 2005).  The jury, as the sole judge of the credibility of the witnesses, is
free to believe or disbelieve all or part of a witness=s testimony.  Jones v. State, 984 S.W.2d
254, 257 (Tex. Crim. App. 1998).  We do not engage in a second evaluation of
the weight and credibility of the evidence, but only ensure the jury reached a
rational decision.  Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim. App.
1993); Harris v. State, 164 S.W.3d 775, 784 (Tex. App.CHouston [14th Dist.] 2005, pet. ref=d). 

A person
commits aggravated robbery if in the course of committing theft of property and
with intent to obtain and maintain control of the property, she intentionally
and knowingly threatens and places another in fear of imminent bodily injury or
death and uses or exhibits a deadly weapon.  See Tex. Penal Code
Ann. ' 29.02 (Vernon 2003); Tex. Penal
Code Ann. ' 29.03 (Vernon 2003).  When, as in this case, the State
alleges in an indictment for aggravated robbery that the deadly weapon used or
exhibited by the defendant was a firearm, the State is required to prove,
beyond a reasonable doubt, that the deadly weapon used or exhibited was, in
fact, a firearm.  See Gomez v. State, 685 S.W.2d 333, 335S36 (Tex. (Tex. Crim. App. App. 1985);
Arthur v. State, 11 S.W.3d 386, 389 (Tex. App.CHouston [14th District.] 2000, pet.
ref=d).

After
viewing the evidence in the light most favorable to the verdict, we conclude
there is sufficient evidence for a jury to find that appellant committed
aggravated robbery with a firearm.  Appellant contends the State failed to
prove the use of a firearm beyond a reasonable doubt.  Specifically, she argues
the evidence is legally insufficient because Sanchez did not fully describe the
gun, and a gun was not recovered.  However, Atestimony using any of the terms >gun,= >pistol,= or >revolver= is sufficient to authorize the jury
to find that a deadly weapon was used@ in an aggravated robbery.  Wright
v. State, 591 S.W.2d 458, 459 (Tex. Crim. App. 1980).  In Carter v.
State, this court found the evidence legally sufficient to prove a firearm
was used in an aggravated robbery although no firearm was recovered because the
victims testified the defendant pointed a Agun@ at their heads during the robbery. 
946 S.W.2d 507, 509B10 (Tex. App.CHouston [14th Dist.] 1997, pet. ref=d); see also Joseph v. State,
681 S.W.2d 738, 739 (Tex. App.CHouston [14th Dist.] 1984, no pet.) (holding testimony
making reference to Aguns@ and a Along-barreled gun@ as legally sufficient to prove a firearm
was used).  








At
trial, Sanchez testified the female perpetrator had a Asmall gun.@  Sanchez also testified that, in
contrast to the small gun appellant carried,  one of the male perpetrators had
a Ashotgun.@  Accordingly, we find the evidence
legally sufficient to support the jury=s finding that a firearm was used.  

Appellant
also contends the evidence is legally insufficient because the police did not
recover any physical evidence.  However, testimony of one eyewitness is sufficient
to support a jury=s verdict.  Aguilar v. State, 468 S.W.2d 75, 77 (Tex.
Crim. App. 1971); Walker v. State, 180 S.W.3d 829, 832 (Tex. App.CHouston [14th Dist.] 2005, no pet.). 
Accordingly, Sanchez=s testimony is sufficient to support the jury=s verdict even in the absence of 
physical evidence from the scene. Nevertheless, the State offered and the trial
court admitted the black jacket worn by appellant when she was arrested by
Officer Burdick Sanchez testified that it was the same jacket worn by the
female perpetrator during the robbery.  Sanchez based her identification of the
jacket on the fact that the hood was loose. 

Appellant
further contends the evidence is legally insufficient because the State should
have called other witnesses.  However, as we just discussed, the testimony of
one eye witness is sufficient to support a jury=s verdict.  Id.

Finally, appellant contends the evidence
is legally insufficient because the other two men who were with appellant when
she was arrested were not charged with the offense. However, the record
reflects that the other two perpetrators wore ski masks concealing their faces
during the robbery.  Consequently, Sanchez was unable to describe their facial
features to Officer Burdick to support identification that would warrant
arrest.  Moreover, whether the State charged the two men who were with
appellant at the time of her arrest has no impact on the legal sufficiency of
evidence to convict appellant. 

Examining the evidence in the light most favorable to
the verdict, we conclude a reasonable jury could have found beyond a reasonable
doubt that appellant committed aggravated robbery. Accordingly, we overrule
appellant=s first issue. 








III.  Factual
Sufficiency 

Appellant
challenges the factual sufficiency of the evidence arguing (1) the black jacket
did not have any distinguishing features, (2) Sanchez was the only witness
called by the State to testify, and (3) Sanchez=s identification of appellant was unreliable
because Sanchez was probably in a state of shock.  

When
reviewing factual sufficiency of the evidence, we view all the evidence in a
neutral light and set aside the verdict Aonly if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust.@  Cain v. State, 958 S.W.2d
404, 407 (Tex. Crim. App. 1997) (en banc) (quoting Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996) (en banc)).  Before we may reverse for
factual insufficiency, we must first conclude, with some objective basis in the
record, that the great weight and preponderance of the evidence contradicts the
jury=s verdict.  Watson v. State,
204 S.W.3d 404, 417 (Tex. Crim. App. 2006).  When reviewing evidence, we must
avoid intruding on the factfinder=s role as the sole judge of the
weight and credibility of the witness testimony.   Johnson v. State, 23
S.W.3d 1, 9 (Tex. Crim. App. 2000) (en banc).  We do not re-evaluate the
credibility of witnesses or the weight of evidence and will not substitute our
judgment for that of the factfinder.  Johnson v. State, 967 S.W.2d 410,
412 (Tex. Crim. App. 1998).  Finally, we must discuss the most important and
relevant evidence that supports the appellant=s contention. Sims v. State,
99 S.W.3d 600, 603 (Tex. Crim. App. 2003).             

Appellant
contends the evidence is factually insufficient because the black jacket does
not have any distinguishing features.  Therefore, witness identification of the
jacket does not necessarily connect appellant to the robbery.  However, the
jury is the sole judge of the weight and credibility of Sanchez=s testimony about the black jacket.  See
Johnson, 23 S.W.3d at 9.  We will not substitute our opinion for the
determination of the jury.  Id.  Moreover, Sanchez identified appellant
without the jacket in the line-up the day after the robbery.  








Appellant
argues the line-up identification was unreliable because Ait is highly likely [Sanchez] was
still in a state of shock due to the traumatic event the night before, and she
was most likely still feeling defenseless and scared.@  Appellant does not cite, and we
have not have found, any evidence indicating Sanchez was suffering from shock
or otherwise unable to perform her function in viewing  the video line-up.  

Appellant
also contends the evidence is factually insufficient because she was identified
by one eyewitness, and the State did not call the other purported eyewitnesses
to testify.  However, as we already explained, testimony of one eyewitness is
sufficient to support a jury=s verdict.  Aguilar, 468 S.W.2d at 77 (finding
evidence sufficient to support jury=s finding of assault with intent to
murder where one eyewitness in a crowded bar testified she saw the defendant
with a pistol).  Moreover, the State is not required to call every eyewitness
to testify as long as the necessary proof is presented.  Id. at 78; Shelvin
v. State, 884 S.W.2d 874, 877 (Tex. App.CAustin 1994, pet. ref=d).  

Viewing
the evidence in a neutral light, we conclude that the jury=s verdict is not contrary to the
great weight and preponderance of the evidence.  Accordingly, we overrule
appellant=s second issue.

IV.  Line-up Procedure 

Appellant
contends the line-up procedure was impermissibly suggestive, and thus, Sanchez=s courtroom identification of
appellant was tainted.  Specifically, appellant contends Officer Guerra told
Sanchez that suspects had been arrested and Sanchez testified that she believed
one of the suspects would be in the line-up. 

A.        Standard of Review 








We defer
to a trial court=s determination of historical facts supported by the record
when the trial court finds facts based upon an evaluation of the credibility
and demeanor of the witnesses.  Loserth v. State, 963 S.W.2d 770, 772
(Tex. Crim. App. 1998).  We also defer to the trial court=s rulings on mixed questions of law
and fact when they turn on the credibility of witnesses.  Id.  However,
we review de novo mixed questions of fact and law that do not turn on an
evaluation of credibility and demeanor.  Id. at 772B73.  In this case, the question
whether a pretrial identification procedure was so impermissibly suggestive as
to give rise to a substantial likelihood of misidentification is a mixed
question of law and fact that does not turn on an evaluation of credibility and
demeanor.  Id.  Accordingly, we apply a de novo standard of review.  

An
in-court identification is inadmissible if tainted by impermissibly suggestive
pretrial identification.  Loserth, 963 S.W.2d at 771.  To determine
whether a pretrial identification was too suggestive to afford the accused a
fair trial, we apply a two-step inquiry: (1) whether pre-trial identification
procedure was impermissibly suggestive and, if so, (2) whether the
impermissibly suggestive procedure gave rise to a substantial likelihood of
irreparable misidentification at trial.  Simmons v. U.S., 390 U.S. 377,
384 (1968); Barley v. State, 906 S.W.2d 27, 32B33 (Tex. Crim. App. 1995);  Colgin
v. State, 132 S.W.3d 526, 532 (Tex. App.CHouston [1st Dist.] 2004, pet. ref=d).  A defendant bears the burden of
establishing by clear and convincing evidence that the pretrial identification
procedure was impermissibly suggestive.  Barley, 906 S.W.2d at 33B34; Burkett v. State, 127
S.W.3d 83, 86 (Tex. App.CHouston [1st Dist.] 2003, no pet.).  Furthermore, the steps
require an examination of the totality of circumstances surrounding the
particular case.  Simmons, 390 U.S. at 384; Barley, 906 S.W.2d at
33.  

B.        Suggestiveness of Line-Up
Procedure








Suggestiveness
may be created by the manner in which a pretrial identification procedure is
conducted.  Barley, 906 S.W.2d at 33.  For example, a police officer may
point out the suspect.  Id.  The content of a line-up or photo array
itself may be suggestive if the suspect is the only line-up participant who
closely resembles the description given by the witness.  Id. 
Furthermore, an individual may be suggestive or the communicative effect of the
procedures may be suggestive.  Id. 

Sanchez
testified Officer Guerra called her the day after the robbery to ask her to
view a line-up.  He told her that officers already had  apprehended the Asuspects@ who robbed the bar.  Officer Guerra
testified that when he called Sanchez, he told her some arrests had been made,
but he was unsure about the suspects= involvement in the robbery.  He did
not tell her that the persons arrested would be in the line-up.  Later that
same day, he showed the video line-up to Sanchez in her home.  Before showing
her the line-up, he told Sanchez she was going to view a video of five females,
she was under no obligation to identify anyone, and the person arrested may or
may not be in the video.  Upon viewing the video line-up, Sanchez immediately
made a positive identification of appellant. 








Appellant
cites Reyes v. State, to support her argument that Officer Guerra=s statements to Sanchez on the phone
were impermissibly suggestive.  No 14-00-01388-CR, 2002 WL 58836 (Tex. App.CHouston [14th Dist.] Jan. 17, 2002,
no pet.) (not designated for publication)  In Reyes, the defendant
complained the pretrial video line-up was impermissibly suggestive because the
witnesses viewed the line-up in their homes, one witness viewed it while her
daughter was in the room, another witness identified the defendant primarily
based on voice recognition, and after a witness identified the defendant, the
officer told her that she Adid good.@  Id. at *3.  Our court found nothing impermissibly
suggestive about the video line-up.  Id.  at *4.  Appellant notes we
found the officer=s statement to the witness that she Adid good@ after identifying the defendant was 
not suggestive because the officer=s statement was made after the
identification.  Id.  at *3. Appellant contends because Officer Guerra
told Sanchez on the phone before the line-up that persons had been apprehended,
this comment impermissibly tainted the line-up identification because Sanchez
assumed one of the suspects was in the line-up.  This comparison is not
appropriate because the officer=s statement in Reyes in effect told the witness
afterwards that  she had identified the person who was arrested.  In this case,
Officer Guerra=s statement on the phone had nothing to do with confirming or suggesting
any specific identification before the line-up.  Officer Guerra also told
Sanchez before she viewed the line-up that the person arrested may or may not
be in the line-up and that she was not obligated to identify anyone in the
line-up.  

The
State argues that Burkett v. State is more similar to this case.  127
S.W.3d at 87B88.  We agree.  In Burkett, the officer told the witness before
viewing the photo array that a suspect had been identified and the suspect was
one of the men in the photo array.  Id.  at  87.  The First Court of
Appeals concluded the officer=s disclosure that a Asuspect was
included in the photo array did not itself render the pretrial identification
impermissibly suggestive because a complaining witness normally assumes that a
photo array includes a suspect.@  Id. at 87B88 (citing Johnson
v. State, 901 S.W.2d 525, 534 (Tex. App.CEl Paso 1995, pet.
ref=d)).  

In this case, to the extent Officer Guerra=s comment could be
characterized as suggestive, the suggestiveness is less than in Burkett,
where the officer told the witness one of the suspects would be included in the
photo array.  Officer Guerra merely told Sanchez on the phone that suspects
were arrested.  Before viewing the line-up, Officer Guerra told Sanchez that
the suspects may or may not be in the line-up.  Based on Officer Guerra=s statement on the
phone about the arrested suspects, Sanchez believed that a suspect would be
included in the line-up.  As the Burkett court and other courts have
held, a pretrial identification procedure is not impermissibly suggestive
merely because a witness may have believed one of the individuals in the
line-up includes a suspect.  See Harris v. State, 827 S.W.2d 949,
959 (Tex. Crim. App. 1992); Webb v. State, 760 S.W.2d 263, 272 (Tex.
Crim. App. 1988); Burkett, 127 S.W.3d at 87B88; Abney v.
State, 1 S.W.3d 271, 275 (Tex. App.CHouston [14th
Dist.] 1999, pet. ref=d). 








Because
we conclude that the pretrial identification procedure was not impermissibly
suggestive, we need not address whether the procedure created a substantial
likelihood of misidentification.  See Colgin, 132 S.W.3d at 532. 
Appellant=s third issue is overruled.  

Accordingly, the judgment of the trial court is affirmed.

 

 

 

/s/        Charles W. Seymore

Justice

 

 

Judgment
rendered and Memorandum Opinion filed April 12, 2007.

Panel
consists of Justices Frost, Seymore, and Guzman.

Do
Not Publish C Tex. R. App.
P. 47.2(b).