**Richard GOMEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Johnny GONZALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Richard GOMEZ aka Johnny Gonzales aka Beaver, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 64705–64707.

Court of Criminal Appeals of Texas, En Banc.

Feb. 20, 1985.

Barry J. O'Keefe, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., James C. Brough and Keno Henderson, Jr., Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

Three interrelated causes are before us, appeals from two revocations of probation [1]

---

**1.** In Cause No. 64,706, appellant was indicted under the name of Johnny Gonzales for the offense of theft committed on July 6, 1978. Appellant pled guilty and was granted adult probation for a term of three years on October 13, 1978. In Cause No. 64,705, appellant was indicted under the name Richard Gomez aka Beaver Gonzales for the offense of burglary of a habitation with intent to commit theft committed on October 2, 1978. Appellant pled guilty

and the direct appeal of appellant's conviction for the revoking offense of aggravated robbery. A jury found appellant guilty of aggravated robbery and the trial court assessed punishment at twenty-five years. After considering the evidence offered by the State in support of the motions for revocation, the trial court revoked appellant's probations and assessed punishment at three years in Cause No. 64,706 and five years in Cause No. 64,705.

Appellant advances three grounds of error in Cause No. 64,707, the aggravated robbery case. Each ground concerns the allegations in the indictment and the State's subsequent proof. In ground of error number one, appellant contends that the evidence is insufficient to establish each and every allegation contained within the indictment. The remaining grounds of error concern proof of the use and exhibition of a firearm. Ground of error number two urges that the evidence is insufficient as a matter of law to prove such use and ground of error number three contends fatal variance between the firearm allegation and the proof.

Appellant's grounds of error in both revocation cases are identical. Appellant advances that the evidence is insufficient to show by a preponderance of the evidence that appellant committed aggravated robbery and likewise insufficient to show aggravated robbery by using and exhibiting a deadly weapon, namely a firearm. We will first consider appellant's contentions in the aggravated robbery case.

The record reflects that Sampson Chow, the owner of a grocery located at 803 Harbor in Houston, was robbed the afternoon of February 28, 1979. Approximately $1,800.00 and a pistol were taken by three men. Chow identified the appellant as one of the perpetrators. Chow testified that the trio entered the store prior to the robbery and purchased two beers and a Coke. Appellant stayed at the counter with the complainant while the other two men selected the merchandise. Shortly after leaving the store, the three men returned. Appellant again stationed himself at the counter next to Chow while one accomplice manned the door, and the other went to the back of the store, ostensibly to get a six pack of beer. When appellant's accomplice returned to the front of the store, appellant pointed a gun at the complainant and said, "This is a holdup." At this juncture, the other two men drew their guns. Chow testified he was in fear of his life or serious bodily injury. Appellant ordered Chow and his four customers to lie on the floor, then he cleaned out one cash register and helped open the other register. Afterward, the trio fled and Chow called the police.

On March 16, 1979, appellant was arrested inside Trahan's Grocery Store in Houston. Without objection, the arresting officer testified that the police placed a "hold" on appellant because appellant was a suspect in the robbery of Chow. The next day, Chow viewed a lineup and readily identified appellant as one of the men who had robbed him on February 28.

In addition to pleading the necessary elements of aggravated robbery under V.T.C.A., Penal Code, Sections 29.03 [2] and 29.02 [3] (1979), the indictment in the case at bar contains the averment that the deadly weapon was a firearm. Specifically, the

---

and was granted adult probation for a term of five years on December 1, 1978. Both motions to revoke probation alleged failure to report to his probation officer, failure to work faithfully at suitable employment, and nonpayment of supervision fees in addition to the revoking offense of aggravated robbery.

2. The pertinent portions of Section 29.03, Aggravated Robbery, provide:

"(a) A person commits an offense if he commits robbery as defined in Section 29.02 of this code, and he
" * * *

"(2) uses or exhibits a deadly weapon."

3. Under the applicable portions of Section 29.02, Robbery:

"(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property he:
" * * *

"(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death."

indictment alleges that in Harris County, Texas, appellant:

"... on or about February 28, 1979, did then and there unlawfully while in the course of committing theft of property owned by Sampson Chow, hereafter styled the Complainant, and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place the Complainant in fear of imminent bodily injury and death by using and exhibiting a deadly weapon, namely a firearm."

The State was not required to allege firearm in order to charge appellant with the offense of aggravated robbery. However, where the State alleges unnecessary matter which is descriptive of the essential elements of the crime, the State must prove the descriptive matter as alleged. *Moore v. State*, 531 S.W.2d 140 (Tex.Cr. App.1976); *Collins v. State*, 500 S.W.2d 168 (Tex.Cr.App.1973); *Weaver v. State*, 551 S.W.2d 419 (Tex.Cr.App.1977). Proof of the use and exhibition of a deadly weapon is an essential element of the offense of aggravated robbery. As a result, the State had to prove beyond a reasonable doubt that the weapon used was a firearm to sustain appellant's conviction.

 In this cause, no weapon was identified as being the same or like the one appellant used or exhibited. Chow referred to the weapon used by the appellant as a "gun" or "revolver." On direct examination, Chow described the weapon as follows:

"Q. During the course of this robbery, did you get a look at the gun that the Defendant used, the one that he pulled on you?

"A. I only see half. He covered the other half. It's a black colored gun.

"Q. Do you know the difference between an automatic pistol and revolver?

"A. Yes.

"Q. Could you tell what kind it was?

"A. It was a revolver."

Testimony regarding the use of a revolver is sufficient to support a finding of use and exhibition of a deadly weapon. *Wright v. State*, 591 S.W.2d 458 (Tex.Cr.App.1980). In addition, if a weapon is not recovered, corroboration of the complainant's description of the weapon in the form of expert testimony is not required. *Porter v. State*, 601 S.W.2d 721 (Tex.Cr.App.1980).

 Appellant presents the novel contention that a revolver is not a firearm as a matter of law and therefore the evidence is insufficient to sustain appellant's conviction. A revolver is defined in Ballantine's Law Dictionary as "[a] firearm with short barrel, to be held in firing with one hand; a deadly weapon." Ballantine's Law Dictionary (3d Ed.1969). Therefore, we hold that a revolver is a firearm. Since a firearm is a deadly weapon per se under V.T.C.A., Penal Code, Section 1.07(a)(11)(A), and a revolver is a firearm, the State sustained its burden of proof as to the firearm allegation and no fatal variance is present. Likewise, the evidence is sufficient to establish each and every allegation in the indictment. Grounds of error one, two and three in Cause No. 64,707 are overruled.

 Since the evidence is sufficient to support a finding of guilt beyond a reasonable doubt for the offense of aggravated robbery, the same evidence is sufficient to support the finding of a probation violation by a preponderance of the evidence. Grounds of error one and two in Cause Nos. 64,705 and 64,706 are overruled.

The judgments are affirmed.

TEAGUE, Judge, concurring and dissenting.

I agree with the majority's holding that appellant's complaints about the trial court's orders revoking his two probations are without merit. However, I must dissent to the majority's holding that the State's evidence that was presented in appellant's aggravated robbery trial is sufficient to establish, beyond a reasonable doubt, that appellant "used [or] exhibited a deadly weapon, namely, *a firearm*," (my

emphasis), in the commission of that offense.

The majority's sole authority for rejecting appellant's contention that the evidence is insufficient to establish that the object he used in the commission of the aggravated robbery offense was "a firearm" is a secondary source, *Ballantine's Law Dictionary* (3rd Ed.1969). However, notwithstanding what *Ballantine's Law Dictionary* might state, our Legislature has seen fit to define the term "firearm." See V.T.C.A., Penal Code, Sections 1.07(11)(A) and 46.01(3).

Although "a firearm" is *per se* "a deadly weapon," see V.T.C.A., Penal Code, Section 1.07(11)(A), an object such as a gun or a revolver, though such may be characterized as "a deadly weapon," is not necessarily "a firearm." See V.T.C.A., Penal Code, Section 46.01(3). To hold that it is flies in the face of what the Legislature intended when it adopted several provisions of the New Penal Code. In many instances, when the Legislature enacted the New Penal Code, it saw fit, for punishment purposes, to take the focus of attention away from what the victim thought or believed when he or she was assaulted, and, instead, placed the focus of attention upon the type of weapon or instrument that was used in the commission of certain offenses, such as the offense of aggravated robbery.

In this instance, no weapon was ever recovered, nor did Chow, the complaining witness, ever identify any weapon as being like the one that appellant had used or exhibited when he robbed Chow of his money. Furthermore, there is no testimony or evidence that the "gun" or "revolver," that Chow said appellant had used, was "a firearm," as alleged in the indictment, and as statutorily defined. Was this sufficient to establish beyond a reasonable doubt what the State alleged, namely, that appellant used or exhibited "a firearm?" In light of the fact that the term "firearm" has been statutorily defined, and thus has a peculiar meaning, I don't think so.

Because the word "firearm" is statutorily defined, see V.T.C.A., Penal Code, Section 46.01, also see Section 1.07(11)(A), supra, such word has a much more limited, precise, and specific meaning than does the word "gun," "revolver," or the like, which have not been statutorily defined, might have. See *O'Briant v. State*, 556 S.W.2d 333 (Tex.Cr.App.1977); *Mosley v. State*, 545 S.W.2d 144 (Tex.Cr.App.1977). By alleging that appellant used or exhibited "a firearm," it then became incumbent upon the State to prove that the weapon that appellant brandished was in fact "a firearm." In light of the absence of any evidence that the object that appellant used or exhibited was "a firearm," as statutorily defined, the State failed in its proof.

When the Legislature defined the word "firearm," see supra, it clearly meant that all "guns," "pistols," "revolvers," or the like, were not to be "firearms," but, of course, could be "deadly weapons." Otherwise, why was it so meticulous in defining the word "firearm," which has a very limited, precise, and specific meaning? Compare 18 U.S.C.A. Section 921(a)(3)(16); *Mars Equipment Corporation v. United States*, 437 F.Supp. 97, 99–100 (D.C.N.D.Ill. 1977).

I pause to point out that by the provisions of V.T.C.A., Penal Code, Section 29.-03, the aggravated robbery statute, the State did not have to allege that appellant committed the offense of aggravated robbery-by using or exhibiting "a firearm." It would have been sufficient for the State to have alleged in the indictment, and proved, that appellant had committed the offense with a deadly weapon, namely, a gun or a revolver. Nevertheless, when the State chose to shoulder a heavier burden than the law required of it, by alleging that appellant exhibited or used "a firearm," when he committed the offense, it then became bound to prove what it had alleged. Compare *Nelson v. State*, 573 S.W.2d 9 (Tex.Cr.App.1978). By alleging more than the law required, the State became bound by its allegation that appellant had used "a firearm," and was thus bound to prove beyond a reasonable doubt what it had alleged. *Weaver v. State*, 551 S.W.2d 419,

420 (Tex.Cr.App.1977); *Moore v. State,* 532 S.W.2d 333 (Tex.Cr.App.1976).

The prosecution could also have had Chow identify what purportedly was an exact replica of the weapon that appellant had used, and, if this object satisfied the statutory definitional requirements of "a firearm," then the State would have satisfied its burden of proof. See *Simmons v. State,* 622 S.W.2d 111 (Tex.Cr.App.1981).

However, the prosecution did none of the above, and because the word "firearm" is statutorily defined, the provisions of Art. 5429b–2, V.A.C.S., are inapplicable. See and compare *Mosley v. State,* supra, with *Corte v. State,* 630 S.W.2d 690 (Tex.App.—Houston [1st] 1982) (Appellant's P.D.R. Refused.)

For the above reasons, the State did not establish beyond a reasonable doubt that appellant used or exhibited "a firearm." I pause to point out that this finding would not preclude the State from retrying appellant for committing the offense of robbery of Chow. *Rucker v. State,* 599 S.W.2d 581 (Tex.Cr.App.1980).

Because the majority erroneously holds that the evidence is sufficient to sustain that part of the verdict of the jury, that appellant used or exhibited "a firearm," I must respectfully dissent.