TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00768-CR







Valerie Denise Shaw, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0944210, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of attempted murder and assessed punishment at
imprisonment for nine years and a $10,000 fine. Tex. Penal Code Ann. § 15.01 (West 1994). (1) 
We will affirm.

 The indictment alleged that appellant attempted to murder Todd Cooks by shooting
him with a deadly weapon, "to wit: a firearm." In her only point of error, appellant contends the
evidence is legally insufficient to sustain her conviction because the State failed to prove that the
weapon she used to commit the offense was a firearm. The weapon was not admitted in evidence
and there is no testimony expressly describing the weapon as a firearm. Although witnesses to
the shooting said they saw appellant holding a gun, appellant argues that a "gun" is not necessarily
a "firearm." See Boyett v. State, 692 S.W.2d 512, 517 (Tex. Crim. App. 1985) ("gun" is not
deadly weapon per se).

 The victim's wife, Etta Kelly, testified that she saw appellant holding a gun
wrapped in a bandanna. Kelly said appellant made a shooting motion and that she heard three
shots. Kelly's sister, who was also present, testified that she also heard three shots but only saw
appellant shoot twice. Cooks testified that he heard two gunshots and felt one bullet strike him. 
Both the investigating police officer and the emergency medical technician who responded to the
shooting testified that Cooks suffered a gunshot wound to the chest. Dr. David Harshaw, the
treating physician, testified that appellant's gunshot wound was nearly fatal. The projectile, which
Harshaw believed to be a .22 caliber bullet, passed through Cooks's lung, heart, and vena cava
before embedding itself in a rib.

 A "firearm" is statutorily defined as a device designed, made, or adapted to expel
a projectile through a barrel by using the energy generated by an explosion or burning substance. 
Tex. Penal Code Ann. § 46.01(3) (West 1994). Common usage is to the same effect. Webster's
Third New International Dictionary 854 (Philip B. Gove ed., 1986) (weapon from which shot is
discharged by gunpowder). It is obvious from the evidence that the weapon used by appellant
expelled a projectile, probably a .22 caliber bullet. From the testimony describing gunshots and
from the severity of Cooks's injuries, the jury could reasonably infer that the bullet was expelled
by means of the energy generated by an explosion. See Wawrykow v. State, 866 S.W.2d 96, 99
(Tex. App.--Beaumont 1993, no pet.) (jury may use common sense and apply common knowledge
and experience when drawing inferences from evidence). Viewing all the evidence in the light
most favorable to the verdict, a rational trier of fact could have found beyond a reasonable doubt
that appellant shot Cooks with a firearm. See Gomez v. State, 685 S.W.2d 333, 336 (Tex. Crim.
App. 1985) (testimony that defendant wielded "revolver" sufficient to support finding he used
firearm); see also Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981) (test for legal
sufficiency of evidence). The point of error is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: June 21, 1995

Do Not Publish

1. The amendment to section 15.01 effective September 1, 1994, is irrelevant to this cause.