COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-326-CR

 

 

RONNIE KEITH EDWARDS                                                                APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

          FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

I. 
Introduction

Ronnie
Keith Edwards, Appellant, appeals his conviction for the offense of aggravated
robbery with a deadly weapon as charged in the indictment. Appellant claims
that the evidence is legally and factually insufficient to support the
conviction.  We find sufficient evidence
to legally and factually support the judgment of conviction.

II.  Factual and Procedural History

The facts
are briefly detailed because they are only slightly disputed. While in a
Wal-Mart in Grapevine, Texas, Jamison Riggins was approached by Appellant, who
discussed selling a laptop for $150. 
Riggins took out $160 from an ATM and drove Appellant to a motel where
Appellant=s brother was waiting, supposedly
with the computer.  After further price
discussion they agreed to stick with the previously agreed price.  Appellant said the computer was at another
location, an apartment complex in Arlington. 
When Riggins pulled into the complex, Appellant pulled a handgun and
directed Riggins to give him his money. 
After Riggins handed Appellant $163, Appellant ran into the
complex.  Riggins returned to the motel
and asked the clerk to call 911.

Police
officers arrived at the scene and found Appellant=s
fingerprints on Riggins=s car.  Later Riggins identified Appellant as the man
who robbed him.   Riggins testified that
Appellant held Aa black semiautomatic, kind of
rusted handgun,@ which he also told police the
day of the robbery.  Appellant did not
testify.

III.  Standards of Review and Analysis

Appellant
argues that the State did not prove that he used a firearm.

A.  Legal Sufficiency 

In
reviewing the legal sufficiency of the evidence to support a conviction, we
view all of the evidence in the light most favorable to the prosecution in
order to determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v.
State, 235 S.W.3d 772, 778 (Tex. Crim. App.
2007).

Riggins=s
testimony that Appellant used a gun, Ahandgun,@ or Asemiautomatic
handgun@ is
sufficient to establish that a firearm was used. Gomez v.
State, 685 S.W.2d 333, 336 (Tex. Crim. App.
1985).  This evidence, combined
with Riggins=s other testimony set out above,
is legally sufficient to show that Appellant committed the charged offense.

B.  Factual Sufficiency 

When reviewing
the factual sufficiency of the evidence to support a conviction, we view all
the evidence in a neutral light, favoring neither party. Steadman
v. State, 280 S.W.3d 242, 246 (Tex. Crim. App.
2009); Watson v. State, 204 S.W.3d 404, 414
(Tex. Crim. App. 2006).  We then
ask whether the evidence supporting the conviction, although legally
sufficient, is nevertheless so weak that the factfinder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the factfinder=s
determination is manifestly unjust.  Steadman, 280 S.W.3d
at 246; Watson, 204 S.W.3d
at 414B15, 417.  To reverse, we must determine, with some
objective basis in the record, that the great weight and preponderance of all
the evidence, although legally sufficient, contradicts the verdict.  Watson, 204 S.W.3d at 417.

An
opinion addressing factual sufficiency ordinarily must include a discussion of
the most important and relevant evidence that supports the appellant=s
complaint on appeal.  Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App.
2003).  Here, however, we find no
important and relevant evidence to support Appellant=s
complaint, and Appellant does not identify any such evidence in his brief.  Therefore, we conclude that the evidence set
out above is also factually sufficient to support the conviction.

IV.  Conclusion

We
overrule both points and affirm the trial court=s
judgment.

 

 

CHARLES BLEIL

JUSTICE

 

PANEL:  GARDNER and WALKER, JJ.; and
CHARLES BLEIL (Senior Justice, Retired, Sitting by Assignment).

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 12, 2010











[1]See Tex. R. App. P. 47.4.