

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 2-09-326-CR

RONNIE KEITH EDWARDS                                    APPELLANT

V.

THE STATE OF TEXAS                                           STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

Ronnie Keith Edwards, Appellant, appeals his conviction for the offense of aggravated robbery with a deadly weapon as charged in the indictment. Appellant claims that the evidence is legally and factually insufficient to support the conviction. We find sufficient evidence to legally and factually support the judgment of conviction.

---

[1] See Tex. R. App. P. 47.4.

## II. Factual and Procedural History

The facts are briefly detailed because they are only slightly disputed. While in a Wal-Mart in Grapevine, Texas, Jamison Riggins was approached by Appellant, who discussed selling a laptop for $150. Riggins took out $160 from an ATM and drove Appellant to a motel where Appellant's brother was waiting, supposedly with the computer. After further price discussion they agreed to stick with the previously agreed price. Appellant said the computer was at another location, an apartment complex in Arlington. When Riggins pulled into the complex, Appellant pulled a handgun and directed Riggins to give him his money. After Riggins handed Appellant $163, Appellant ran into the complex. Riggins returned to the motel and asked the clerk to call 911.

Police officers arrived at the scene and found Appellant's fingerprints on Riggins's car. Later Riggins identified Appellant as the man who robbed him.

Riggins testified that Appellant held "a black semiautomatic, kind of rusted handgun," which he also told police the day of the robbery. Appellant did not testify.

## III. Standards of Review and Analysis

Appellant argues that the State did not prove that he used a firearm.

### A. Legal Sufficiency

In reviewing the legal sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements

2

of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Riggins's testimony that Appellant used a gun, "handgun," or "semiautomatic handgun" is sufficient to establish that a firearm was used. *Gomez v. State,* 685 S.W.2d 333, 336 (Tex. Crim. App. 1985). This evidence, combined with Riggins's other testimony set out above, is legally sufficient to show that Appellant committed the charged offense.

## B. Factual Sufficiency

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party. *Steadman v. State*, 280 S.W.3d 242, 246 (Tex. Crim. App. 2009); *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006). We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the factfinder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the factfinder's determination is manifestly unjust. *Steadman*, 280 S.W.3d at 246; *Watson*, 204 S.W.3d at 414–15, 417. To reverse, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, although legally sufficient, contradicts the verdict. *Watson*, 204 S.W.3d at 417.

An opinion addressing factual sufficiency ordinarily must include a discussion of the most important and relevant evidence that supports the appellant's complaint on appeal. *Sims v. State*, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). Here, however, we find no important and relevant evidence to support Appellant's complaint, and Appellant does not identify any such evidence in his brief. Therefore, we conclude that the evidence set out above is also factually sufficient to support the conviction.

## IV. Conclusion

We overrule both points and affirm the trial court's judgment.

CHARLES BLEIL
JUSTICE

PANEL: GARDNER and WALKER, JJ.; and CHARLES BLEIL (Senior Justice, Retired, Sitting by Assignment).

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 12, 2010