Opinion issued December 16, 2010



In The

Court of
Appeals

For The

First District
of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-10-00102-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



Kimani Kiambu james, Appellant

V.

 

THE
STATE OF TEXAS,
Appellee

 

 



On
Appeal from the 230th District Court

Harris County, Texas

Trial
Court Cause No. 1229072

 

 



MEMORANDUM
Opinion

          Having convicted appellant, Kimani
Kiambu James, of aggravated robbery,[1]  the jury then found the allegations in two
enhancement paragraphs to be true,[2]
and assessed punishment at 75 years confinement.  Appellant’s sole point of error on appeal challenges
the legal sufficiency of the evidence establishing that appellant used a deadly
weapon in the commission of the offense. 
We affirm.

BACKGROUND

Although
the participants agree that appellant and his co-defendant, Sergio Vidale[3],
knocked on the door of Heidi Clark’s and Joshua Padgett’s apartment in Webster,
Texas, they disagree as to what happened next.[4]


Padgett
testified that when he opened the door, Vidale forced his way into the
apartment, punched Padgett twice in the face, and then appellant entered
holding a gun that Padgett later described as a “revolver” with a “wooden
handle and metallic gun.”  Claiming “this
isn’t fake,” appellant hit Padgett on the back of the head with the gun and
drew blood.  When Padgett’s girlfriend,
Clark, came from the back bedroom to investigate the commotion, she saw
appellant pointing a “gun” at Padgett’s back. 
According to Clark, appellant then chased her back to her bedroom,
pointed the “gun” in her face, and forced her to rummage through the apartment
in search of money and valuables.  Although
the gun appellant allegedly used was never found, both Padgett and Clark
testified at trial that the State’s exhibit Smith & Wesson .357 revolver
was the same as, or similar to, the “gun” appellant used during the robbery.  Like Padgett and Clark, appellant’s
co-defendant, Vitale, also testified that appellant used a firearm during the
robbery.  Appellant testified that there
was no gun.  

STANDARD
OF REVIEW

Our
review of the legal sufficiency of the evidence is made in the light most
favorable to the verdict to determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781,
2789, 61 L. Ed. 2d 560 (1979); Vodochodsky v. State, 158 S.W.3d 502, 509
(Tex. Crim. App. 2005).  The standard is
the same for both direct and circumstantial evidence cases.  King v. State, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995).  The trier of fact is the sole judge of both the
weight and the credibility of the evidence. 
Margraves v. State,
34 S.W.3d 912, 919 (Tex. Crim. App. 2000), overruled on other grounds by
Laster v. State, 275 S.W.3d 512 (Tex. Crim. App. 2009).  Inconsistencies in the evidence are resolved in
favor of the verdict.  Curry v. State,
30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

The
sufficiency of the evidence is to be measured against the elements of the
offense as defined by a hypothetically correct jury charge
which is a charge that “accurately sets out the law, is authorized by the
[charging instrument], does not unnecessarily increase the State’s burden of
proof or unnecessarily restrict the State’s theories of liability, and adequately
describes the particular offense for which the defendant was tried.”[5]  Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  This standard ensures that a judgment of
acquittal is reserved for those situations in which there is an actual failure
in the State’s proof of the crime.  Id.

LEGAL
SUFFICIENCY OF THE EVIDENCE

Appellant
contends that the evidence is legally insufficient to support the jury’s
finding that he used or exhibited a “deadly weapon” during the commission of
the robbery.  Specifically, appellant
argues that there is no evidence that the “gun” he used was actually a
“firearm” and the jury should not be allowed to draw such an inference.

A
person commits aggravated robbery if, in the course of committing theft, he:
(1) intentionally, knowingly, or recklessly causes bodily injury to another; or
(2) intentionally or knowingly threatens or places another in fear of imminent
bodily injury or death; and (3) uses or exhibits a deadly weapon.  See
Tex. Penal Code Ann. §§ 29.02(a), 29.03(a)(2) (Vernon
2003).  A “deadly weapon” is a firearm or
anything manifestly designed, made, or adapted for purposes of inflicting death
or serious bodily injury.  Tex. Penal
Code Ann. § 1.07(a)(17) (Vernon Supp.
2010).  A firearm is a deadly weapon per se.  See id. at  § 1.07(a)(17)(A).


Reasonable
inferences that a firearm was utilized during the commission of an offense
fall within the sole purview of the jury. 
See Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App.
2007).  Thus, evidence may be sufficient
for a rational jury to conclude that a “firearm” was used when only a “gun” is
mentioned at trial.  See Wright v. State,
591 S.W.2d 458, 459 (Tex. Crim. App. 1979) (holding “[t]estimony using any of
the terms ‘gun,’ ‘pistol’ or ‘revolver’ is sufficient to authorize the jury to
find that a deadly weapon was used” in aggravated robbery); cf. Carter v. State, 946 S.W.2d
507, 511 (Tex. App.—Houston [14th Dist.] 1997, pet. ref’d) (concluding
testimony that defendant used “gun” similar to .25 caliber automatic pistol
displayed at trial was sufficient to prove he used firearm as charged in
indictment).  Evidence may also be sufficient
for a rational jury to conclude that a “firearm” was used if a witness
testifies that the gun is similar to a firearm
displayed at trial.  See Arthur v. State,
11 S.W.3d 386, 389 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d)
(stating jury able to make reasonable
inference that appellant used or exhibited firearm as alleged in
indictment based, in part, upon witness testimony that gun was similar to or could be exhibit firearm admitted at trial).


Here,
Clark, Padgett, and Vidale all testified that appellant exhibited a “gun”
during the robbery.  Both Padgett and
Clark averred that the State’s exhibit firearm was similar to appellant’s gun
and both further testified that they were afraid that appellant would shoot
them and feared for their lives.  Appellant’s
co-defendant, Vidale, in fact, testified that he had pled guilty to aggravated
robbery with a firearm.

Viewing
the evidence in the light most favorable to the verdict, we hold that a
rational juror could have found, beyond a reasonable doubt, that appellant used
or exhibited a deadly weapon during the commission of the robbery, and thus, that
the evidence is legally sufficient to support appellant’s conviction.

 

 

 

 

CONCLUSION

          We affirm the judgment of the trial
court.

 

 

                                                          Jim
Sharp

                                                          Justice

 

Panel consists of Justices Jennings,
Alcala, and Sharp.

Do not publish.  Tex.
R. App. P. 47.2(b).











[1]           See Tex.
Penal Code Ann. §§ 29.02(a), 29.03(a)(2) (Vernon 2003).





[2]           The
enhancement paragraphs alleged that appellant had been previously convicted of
the felony of burglary of a habitation in 1997 and the felony of possession
with intent to deliver a controlled substance in 2002.  





[3]           Vidale
pled guilty to aggravated robbery without a plea bargain.  His case had not been adjudicated when
appellant went to trial.





[4]           Appellant’s
appeal challenges the legal sufficiency of
the evidence that he used a deadly weapon in the commission of the offense.  Our discussion of the relevant facts is
limited to this issue. 





[5]           The
State cites Cruz v. State for the
proposition that, because the State alleged in the indictment that appellant
used or exhibited “a deadly weapon, to wit: A FIREARM,” it necessarily assumed
the added burden of proving beyond a reasonable doubt that appellant used or
exhibited a “firearm” during the commission of the robbery.  238 S.W.3d 381, 388 (Tex. App.—Houston [1st
Dist.] 2006, pet ref’d) (citing pre-Malik
case Gomez v. State, 685
S.W.2d 333, 336 (Tex. Crim. App. 1985)).  Although
Gomez appears to have been implicitly
overruled by Malik v. State,
953 S.W.2d 234 (Tex. Crim. App. 1997), we
need not address this apparent conflict now, because, regardless of whether it
was required to do so, the
State proved beyond a reasonable doubt that appellant used or exhibited a “firearm”
during the commission of the robbery in the present case.