Opinion filed January 31, 2013



# In The

# Eleventh Court of Appeals

_____

## No. 11-11-00020-CR

_____

## SILAS BAILEY, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 82nd District Court**
**Falls County, Texas**
**Trial Court Cause No. 8397-2**

### MEMORANDUM OPINION

Silas Bailey appeals his conviction for aggravated sexual assault of an elderly person. After a trial, the jury assessed punishment at confinement for seventy years and a $10,000 fine, and the trial court sentenced him accordingly. In two issues on appeal, appellant complains that the evidence is legally insufficient to prove the specifically alleged manner and means of the commission of the offense and that the trial court erred when it denied his motion to quash the indictment for pre-indictment delay. We affirm the trial court's judgment.

### Background

In July 1999, officers responded to a burglary in progress and found 88-year-old Laura Contella standing in her front yard. Contella told a police officer that a short, black male

wearing shorts had approached her front door and asked for a glass of water. She told him that her water had been turned off and that she had no water. Shortly thereafter, the man returned and broke into her house. After pulling off his shorts and trying to force himself on her, she began hitting the man with her cane and warned that she had already called police. The suspect fled.

A paramedic testified that, during the forty-minute ride to the hospital, Contella repeatedly said, "Oh my God. He raped me. He attacked me." Once at the hospital, Contella complained of sexual assault as well as an injured wrist, bruised hip, and four broken ribs. A nurse who conducted the sexual assault examination found tears and bruising inside the genitalia and testified that this was consistent with penetration from sexual assault. The nurse submitted Contella's clothes, and the police submitted her cane, for testing at the state crime lab. During the investigation, an informant told police that appellant had committed the offense. The local officers requested a photographic lineup from the Texas Rangers and attempted to contact appellant's sister. The officer who requested the lineup subsequently left the police department, and the lineup was never shown to Contella. Contella died in 2005 before trial.

In 2006, the state crime lab matched the DNA from Contella's cane and skirt to appellant. The chief of police interviewed appellant while he was in a prison psychiatric unit in Rusk, Texas, and informed appellant that the police department was investigating him for aggravated sexual assault because his DNA matched that left on Contella's cane and skirt and that charges would be forthcoming. The grand jury returned the indictment in February 2007.

While awaiting trial, the jail administrator called appellant into her office to discuss housing, and appellant told his version of the events. Appellant claimed that he was having sex with a lady next door to Contella when the lady's significant other came home. He said that he was wearing silk boxers when he went to Contella's house. He said that he wrapped his arms around the woman because she was afraid and that maybe his penis came out of his boxers and rubbed against her skirt. He claimed that, because he had been having sex next door, this explains finding his DNA on Contella's skirt. On another occasion, he claimed that, instead of boxers, he had the slip of the lady next door.

## Legal Sufficiency

In Issue No. One, appellant complains that the evidence is legally insufficient to prove the alleged manner and means of his aggravated sexual assault. In the indictment, the State specifically alleged that appellant committed the offense by penetrating the sexual organ of the

2

victim with his sexual organ. Appellant argues that, although the State proved penetration, there is no evidence of what caused the penetration or, more specifically, no evidence that appellant penetrated the victim with his penis. The State responds by arguing that there was sufficient evidence that would permit the jury to infer penetration by his penis. We agree.

When we review for legal sufficiency, we view "all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). We defer to the jury's credibility determinations to resolve conflicting testimony, weigh the evidence, and draw reasonable inferences from facts to the ultimate fact. *Jackson*, 443 U.S. at 318–19. We resolve inconsistencies in testimony in favor of the jury's verdict. *Johnson v. State*, 815 S.W.2d 707, 712 (Tex. Crim. App. 1991). "Also, direct evidence of the elements of the offense is not required. Juries are permitted to make reasonable inferences from the evidence presented at trial, and circumstantial evidence is as probative as direct evidence . . . . Circumstantial evidence alone can be sufficient to establish guilt." *Hooper*, 214 S.W.3d at 14–15. "[I]t is not necessary that every fact point directly and independently to the defendant's guilt; it is enough if the conclusion is warranted by the combined and cumulative force of all the incriminating circumstances." *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).

A person commits the offense of aggravated sexual assault if the person knowingly or intentionally "causes the penetration of the anus or sexual organ" of an elderly individual "by any means" and without consent. TEX. PENAL CODE ANN. § 22.021(a)(1)(A)(i), (a)(2)(C) (West Supp. 2012). Although the State was not required to allege that appellant penetrated the victim's sexual organ with his own sexual organ, "where the State alleges unnecessary matter which is descriptive of the essential elements of the crime, the State must prove the descriptive matter as alleged." *Gomez v. State*, 685 S.W.2d 333, 336 (Tex. Crim. App. 1985).

We believe the evidence is legally sufficient to prove that appellant penetrated the victim's sexual organ with his sexual organ. The following evidence, as argued by the State, permitted the jury to infer that appellant used his penis to penetrate the sexual organ of the victim: (1) Contella told law enforcement officers that the suspect broke into her house, pulled off his shorts, and tried to force himself on her; (2) Contella repeatedly told the paramedic that

3

"he raped me" and "he attacked me"; (3) Contella told the doctor that the suspect "tried to enter her from the back"; (4) appellant explained to the jail administrator that "maybe his penis came out of the boxers" and brushed against Contella's leg; (5) appellant told the jail administrator that his "penis probably came out"; and (6) appellant's semen was found on Contella's skirt. The jury was free to disregard appellant's version and instead believe what Contella told police, paramedics, and doctors. The jury's role as factfinder is to make credibility determinations and resolve conflicting testimony. We conclude that the jury's verdict was based on reasonable inferences from the evidence. A rational jury could have found the essential elements of the offense beyond a reasonable doubt. Accordingly, we overrule appellant's first issue.

## Pre-Indictment Delay

In Issue No. Two, appellant argues that the trial court erred when it denied his motion to quash the indictment after a ten-year delay in procuring the indictment. In response, the State argues that there is no evidence of the requisite intentional delay that "was purposefully calculated by law enforcement to gain a tactical advantage." We agree.

Statutes of limitation are citizens' primary protection from prosecution for unduly stale criminal charges. *Ibarra v. State*, 11 S.W.3d 189, 193 (Tex. Crim. App. 1999) (citing *United States v. Marion*, 404 U.S. 307, 322 (1971)). "Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past." *Toussie v. United States*, 397 U.S. 112, 114–15 (1970). There is no statute of limitations in Texas for the offense of aggravated sexual assault where biological matter is collected and subjected to forensic DNA testing and does not match the victim or a person whose identity is readily ascertainable. TEX. CODE CRIM. PROC. ANN. art. 12.01(1)(C) (West Supp. 2012). The Due Process Clause of the Fifth Amendment provides additional, albeit limited, protection of an accused from "oppressive delay." *State v. Krizan-Wilson*, 354 S.W.3d 808, 814 (Tex. Crim. App. 2011) (citing *United States v. Lovasco*, 431 U.S. 783, 789 (1977)). Although we assess pre-indictment delay on a case-by-case basis, the United States Supreme Court has instructed that there must be proof of prejudice and that we must consider the reasons for the delay. *Id.*

We review a trial court's ruling on whether to dismiss an indictment for pre-indictment delay under a bifurcated standard of review. *Id.* at 815. We defer to the trial court's credibility

4

determinations when reviewing factual findings and mixed questions of law and fact, but we review de novo questions of law and mixed questions that do not turn on credibility. *Id.* (citing *Guzman v. State*, 955 S.W.2d 85, 87–89 (Tex. Crim. App. 1997)). Therefore, we review the trial court's denial of appellant's motion to quash for abuse of discretion, and we will uphold the ruling as long as it was supported by the record. *Id.* at 816.

"A defendant is entitled to relief for pre-indictment delay under the Due Process Clause where he can show the delay: (1) caused substantial prejudice to his right to a fair trial, and (2) was an intentional device used to gain a tactical advantage over the accused" or for other "bad-faith purposes." *Ibarra*, 11 S.W.3d at 193. There must be proof of each element; we do not infer bad faith from delay. *Krizan-Wilson*, 354 S.W.3d at 819. Further, the State is not required to conduct a continuous investigation or file charges once it has probable cause "but before they are satisfied that they will be able to establish the suspect's guilt beyond a reasonable doubt." *Lovasco*, 431 U.S. at 791; *Ibarra*, 11 S.W.3d at 193–94.

After a review of the record, we conclude that there is no evidence in the record that the pre-indictment delay was intended to gain a tactical advantage over appellant or for other bad-faith purposes. Again we note that there is no statute of limitations in this case. *See* Article 12.01(1)(C). The investigators, chief of police, and prosecutors all testified at the hearing on appellant's motion to dismiss that there was nothing to gain by delaying the investigation and that the reason for the delay was lack of evidence to prosecute. During the hearing, appellant had the burden to prove that the State intentionally delayed the indictment to gain a tactical advantage. *See Krizan-Wilson*, 354 S.W.3d at 817. Appellant cites a 1975 case out of the Eastern District of Pennsylvania for the proposition that he must show *either* substantial prejudice or intentional delay to prevail on a due process claim. *See United States v. Clark*, 398 F. Supp. 341, 350 (E.D. Pa. 1975). In *Clark*, the trial court denied the defendant's motion to quash because it found no prejudice or intentional delay. *Id.* at 352. Although the district court stated that either ground would support granting the motion to quash, it did not find either ground, and this ruling was affirmed by the Third Circuit. *United States v. Clark*, 532 F.2d 748 (3d Cir. 1976).

The law is clear that, to warrant dismissal of the indictment for pre-indictment delay, appellant must present positive proof of an improper purpose. *Krizan-Wilson*, 354 S.W.3d at

5

816. Appellant failed to meet his burden of proof to establish the second prong of the due process analysis. We overrule Issue No. Two.

The judgment of the trial court is affirmed.


MIKE WILLSON

JUSTICE


January 31, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.