**Opinion filed September 19, 2019**



# In The

# Eleventh Court of Appeals

_____

## No. 11-17-00257-CR
_____

## RANDELL RAY BOWERS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR24773**

## M E M O R A N D U M   O P I N I O N

After a bench trial, the trial court convicted Randell Ray Bowers of aggravated assault. *See* TEX. PENAL CODE ANN. § 22.02 (West 2019). Appellant pleaded "true" to two prior felonies alleged for enhancement purposes. The trial court made an affirmative deadly weapon finding and sentenced Appellant to confinement for life in the Institutional Division of the Texas Department of

Criminal Justice.[1]  In a single issue, Appellant contends that the evidence was insufficient to support the finding that he used or exhibited a firearm during the assault.  We affirm.

*Background Facts*

On July 3, 2016, Appellant and Tabitha Porter, Appellant's girlfriend, went to sleep at Porter's apartment.  Subsequently, Appellant woke Porter.  Appellant was holding Porter's cell phone and confronted her about her status as "single" on social media.  Porter told Appellant that she did not know how to change her status.  Porter testified that she tried to change her status but that, when she was unable to do so, Appellant struck her on the back of the head three times with a closed fist.  Appellant then went to the bathroom, and when he returned, instructed Porter to sit up.  Porter testified that Appellant was holding her cell phone and that she could see a gun in his hand from the light on the cell phone.  The lights were not on in the apartment.  Appellant approached Porter and pointed the weapon at her "private area" and stated: "I can put a pillow over it and shoot you and walk out, and nobody would know."  Appellant then threw Porter against a wall twice.  Porter testified that she ran to her neighbor's apartment and called 9-1-1.

Catherine Brooks, Porter's neighbor, testified that, after Porter ran into Brook's apartment, Brooks talked to Appellant outside.  While Brooks waited for the police to arrive, Appellant went back into Porter's apartment.  Brooks testified that she heard a thud in the attic shared by both apartments.  When the police arrived, they were not able to locate the gun.  Brownwood Police Officer Paul Chrisman testified that he looked for the gun in the attic but that he was not able to physically

---

[1]The record reflects that Appellant had seven prior felony convictions, as well as several prior misdemeanor convictions.  Many of the prior convictions involved assaults or weapons.  Additionally, Appellant was also convicted in the same bench trial of three counts of forgery.  The trial court also sentenced Appellant to confinement for life for the three forgery convictions.

get into the attic because the opening was too small. He could not see the entire attic with his flashlight. However, he testified that it was possible that there was a gun in the attic.

*Analysis*

Appellant contends that the evidence was insufficient to support the finding that he used or exhibited a firearm during the assault. He directs his contention to the fact that the police were unable to locate a firearm after conducting a thorough search of Porter's apartment and the surrounding area.

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). When conducting a sufficiency review, we consider all the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

A person commits the offense of assault if that person intentionally, knowingly, or recklessly causes bodily injury to another person. PENAL § 22.01(a)(1). As relevant to this case, the offense becomes aggravated assault if that person uses or exhibits a deadly weapon during the commission of the assault. *Id.* § 22.02(a)(2). A deadly weapon is exhibited when it is consciously shown, displayed, or presented for view. *Patterson v. State*, 769 S.W.2d 938, 941 (Tex. Crim. App. 1989).

Although the police never found the gun, the trial court concluded on the record that Porter's testimony was credible. *See Gomez v. State*, 685 S.W.2d 333, 336 (Tex. Crim. App. 1985) (holding evidence legally sufficient to prove use of firearm, without recovery of weapon, based solely on complainant's description). Porter testified that, during the assault, she could see a gun in Appellant's hand from the light on her cell phone. She further testified that she saw Appellant point the gun at her "private area" and heard him state: "I can put a pillow over it and shoot you and walk out, and nobody would know." Additionally, Brooks testified that, after Appellant went back inside the apartment, she heard a thud in the shared attic while waiting for the police to arrive. Officer Chrisman testified that he was unable to physically enter the attic but that it was possible that there was a gun in the attic.

Based upon Porter's testimony, a rational trier of fact could have found beyond a reasonable doubt that Appellant used or exhibited a firearm during the assault. *See* PENAL § 1.07(a)(17)(A) (West Supp. 2018); *Ex parte Huskins*, 176 S.W.3d 818, 820 (Tex. Crim. App. 2005) (stating that a firearm is a deadly weapon per se). The fact that the officers could not find the firearm is an inference that conflicts with Porter's testimony. Under the applicable standard of review, we defer to the factfinder's resolution of conflicting inferences. *See Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778. Accordingly, we hold that the evidence was sufficient

4

to support Appellant's conviction for aggravated assault with a deadly weapon.  We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


September 19, 2019

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.