**Affirmed and Memorandum Opinion filed August 20, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00740-CR

---

**BICTOR GUZMAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 209th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1759994**

---

## MEMORANDUM OPINION

Appellant Bictor Guzman appeals his conviction for aggravated robbery with a deadly weapon. In four issues, appellant argues that the trial court erroneously admitted extraneous offense evidence in both the guilt-innocence phase and the punishment phase, erroneously admitted appellant's recorded confession, and that the evidence was legally insufficient to support his conviction. We affirm.

# I. FACTUAL AND PROCEDURAL BACKGROUND

On December 21, 2020, complainant Benjamin Pelico was robbed in the parking lot of his apartment as he got out of his truck. Two individuals approached him from the back and an object that he believed to be a gun was put to the back of his head. His wallet, keys and a necklace were taken from complainant and his assailants told him to take them to his apartment. Because his family was in his apartment, he misdirected the two assailants. He was then taken back to his truck where he saw a gun. Following additional misdirections by complainant, the two assailants left.

Appellant was arrested on December 29, 2020. He was charged with aggravated robbery with a deadly weapon in connection with the events that occurred on December 21, 2020. He pleaded "not guilty" to the offense and his case was tried before a jury.

Shortly after his arrest, appellant was interviewed by Houston police officers while he was in custody. He was informed of his rights and asked if he understood those rights before the interview began. During the course of the interview, appellant admitted his involvement in the December 21 robbery, as well as four other aggravated robberies committed on December 11, December 19, and December 23.

At trial, defense counsel asked complainant a series of questions on cross-examination concerning the use of a firearm in the December 21 robbery:

Q. Okay. Now, Mr. Pelico, you had talked earlier that you're not familiar with guns; is that right?

A. No, I'm not.

Q. Okay. And you mentioned when you were first approached, that you did not see what anybody was pressing against you; is that correct?

A. Yes.

. . .

Q. Okay. Now, you agree with me that a gun was never fired or shot, correct?

A. No, no weapon was shot.

Q. Not even in the air or in the ground to show you it was an actual gun, correct?

A. No. Yes.

Q. Okay. Now -- now would you agree with me that you're not really sure whether or not it was an actual gun?

A. Once we were in the truck, yes. I saw that it was one when the person was pointing it at me in the truck.

Q. Okay. Now, I thought you said that you couldn't really see what it was; you just saw that it was black. Is that right?

A. Yes, I saw it was black.

Q. Okay. Do you know the difference between a revolver and a semiautomatic weapon?

A. No, I'm -- I don't relate myself with that.

Appellant's counsel also presented complainant with State's Exhibits No. 7, No. 8, and No. 9, which were still photographs taken from surveillance footage of the robbery.

[Concerning State's Exhibit No. 7]

Q. Do you agree with me here that from what we see in the picture, that there's -- nobody is pointing a gun at you?

A. No, not right now. [W]hat you can see in the picture, no.

Q. Okay. And would you agree with me, sir, that there's no gun that's visible in anybody's hands or anything like that? Correct?

A. No. Right now, visible, no, it can't be seen.

Q. And to be fair, the gentleman right behind you, his hands are in his pockets, correct?

A. [Y]es, that's right.

Q. Okay. And even with his hands in his pockets, it does not look like he's even pointing a finger at you or anything from his sweater. Would you agree with that?

A. Uh-huh.

[Concerning State's Exhibit No. 8]

Q. The two people you see in the video, would you agree with me there is no gun that's visible where they're standing?

A. No.

[Concerning State's Exhibit No. 9]

Q. Okay. Are you anywhere in State's Exhibit No. 9?

A. No.

Q. And you agree with me you don't see a gun or anything here in State's Exhibit 9, correct?

A. It can't be seen.

. . .

Q. Okay. Now, Mr. Pelico, is this the person that you said -- the one here on State's Exhibit No. 9 -- that was with you the entire time, holding a gun to you?

A. In the truck, he was.

. . .

Q. [] When someone else went to check the apartment, the guy with the gun, is it true he stayed with you the entire time, with a gun? Is that right?

[State objects]

A. He stayed there pointing at me until the others came back.

Appellant's counsel then presented to complainant State's Exhibit No. 5, a surveillance video from the courtyard of complainant's apartment complex.

Q. Now, would you agree with me, sir, that here, nobody is grabbing you or holding you or touching you with anything as you're walking? Correct?

4

A. Yes.

Before introducing its extraneous offense evidence, the State requested a ruling on whether defense counsel had opened the door to the introduction of extraneous evidence by implying that a gun had not been used during the December 21 robbery. The trial court held that by implying that a gun was not used or that the complainant was mistaken about the assailants having a firearm, appellant's counsel had opened the door to the admission of extraneous evidence because it showed that appellant possessed a firearm and that appellant had used a firearm during the commission of other substantially similar crimes. Specifically, the court stated that defense counsel's questions "implied that [complainant] was not using a firearm on the day in question . . . [a]nd that the [complainant] is mistaken about him having a firearm, which is exactly what 404 addresses. It's probably similar MO, as well." However, the court specified that while the door had been opened to evidence of firearm use, the door had *not* been opened to the admission of extraneous evidence to prove identity. On that basis, the court also granted appellant a running objection to "any and all extraneous offenses that come in."

At the punishment phase of trial, defense counsel reiterated his running objection to extraneous evidence. The State presented extraneous evidence of two additional aggravated robberies, but no evidence identified appellant as the assailant in either case. Defense counsel did not object to the admission of either witness's testimony beyond his running objection.

The jury found appellant guilty of aggravated robbery with a deadly weapon and assessed a sentence of twenty years' confinement. The trial court entered the judgment and sentence in accordance with the jury's decision, and appellant timely filed this appeal.

## II. ISSUES AND ANALYSIS

Appellant complains that (1) the trial court abused its discretion by admitting extraneous evidence of other aggravated robberies allegedly committed by appellant during the guilt-innocence phase of trial, (2) the trial court abused its discretion by admitting extraneous offense evidence during the punishment phase of appellant's trial, (3) the trial court abused its discretion by admitting evidence of appellant's confession to police, and (4) the evidence at trial was legally insufficient to support the conviction. Though he has briefed it last, we first address appellant's legal sufficiency complaint because, if meritorious, it would afford the greatest relief.

### A. Is the evidence sufficient to support appellant's conviction?

In his fourth issue, appellant complains that the record contains insufficient evidence to support his aggravated robbery conviction. In evaluating a challenge to the sufficiency of the evidence supporting a criminal conviction, we view the evidence in the light most favorable to the verdict. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). The issue on appeal is not whether we, as a court, believe the State's evidence or believe that appellant's evidence outweighs the State's evidence. *Wicker v. State*, 667 S.W.2d 137, 143 (Tex. Crim. App. 1984). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991). The jury "is the sole judge of the credibility of the witnesses and of the strength of the evidence." *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). The jury may choose to believe or disbelieve any portion of the witnesses' testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). When faced with conflicting evidence, we presume the jury resolved conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex.

Crim. App. 1993). Therefore, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

We measure sufficiency to support a conviction by comparing the evidence presented at trial to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge reflects the governing law, the indictment, the State's burden of proof and theories of liability, and an adequate description of the offense for the particular case. *Id.*

"A person commits [robbery] if, in the course of committing theft ... and with the intent to obtain or maintain control of the property, he ... threatens or places another in fear of imminent bodily injury or death." Tex. Penal Code § 29.02(a) & (a)(2). A robbery is aggravated if a person "commits robbery as defined in Section 29.02 and he ... uses or exhibits a deadly weapon." Tex. Penal Code § 29.03(a) & (a)(2). "A person commits [theft] if he unlawfully appropriates property with intent to deprive the owner of property." Tex. Penal Code § 31.03(a).

Appellant claims that because his confession was erroneously admitted and no other evidence could prove his identity as one of the assailants, the evidence would have been insufficient absent the trial court's error. Appellant is incorrect. In assessing the sufficiency of the evidence, we consider all of the evidence that the jury was permitted to consider, whether properly or improperly admitted. *Morris v. State*, 460 S.W.3d 190, 193 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Because appellant's confession and the State's extraneous offense evidence could have contributed to the jury's verdict, they are relevant to a legal sufficiency analysis.

However, even without considering appellant's confession or extraneous evidence, the remaining evidence is still legally sufficient to support the conviction. To the extent that appellant intends to argue that the evidence at trial was legally insufficient as to every disputed fact, we consider whether a rational trier of fact could have found beyond a reasonable doubt that appellant was one of the assailants that robbed complainant on December 21 and that a firearm was used during the robbery. Appellant does not dispute that assailants threatened the complainant in the course of committing theft. He only asserts that evidence was insufficient to prove identity and, we presume, use of a firearm. We find that the evidence was legally sufficient to support the jury's findings on both issues.

At trial, the complainant testified that he was threatened with at least one gun during the robbery. Disregarding the State's extraneous evidence of firearm use, that testimony alone is sufficient to support the jury finding. Testimony by a lay witness that a defendant used a firearm during an offense is sufficient to support a finding of use of a deadly weapon. *Gomez v. State*, 685 S.W.2d 333, 336 (Tex. Crim. App. 1985) (en banc); *Bradley v. State*, Nos. 14–08–00038–CR, 2008 WL 4647289, at *3 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd)(mem. op., not designated for publication).

While the complainant was unable to directly identify appellant as one of his assailants, circumstantial evidence alone can be sufficient to prove identity. *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016). The jury was presented with surveillance footage showing a blue BMW SUV with a partially visible license plate and photographs of the vehicle appellant was driving when he was arrested. The jury could have reasonably concluded that the vehicles were the same. The same footage also showed two of the suspects wearing hoodies identical to those worn by appellant and his cousin when they were arrested. The

8

complainant testified that the assailants drove a blue vehicle and that they were speaking to him in Spanish. Two firearms were in appellant's car at the time of his arrest. The circumstantial evidence is not so scant that no reasonable fact finder could conclude that appellant was one of the assailants responsible for the December 21 robbery. *Cf. Freeman v. State*, No. 01–18–00610–CR, 2020 WL 894453, at *6 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd) (mem. op., not designated for publication) (holding evidence that the defendant was driving a car matching a description given by the complainant, that defendant had over nine hundred dollars in cash, and that defendant had "one particle consistent with primer gunshot residue" on his hand was sufficient to prove identity).

Even if the other evidence was insufficient to prove that appellant was culpable, his recorded confession—in which he identified himself from the surveillance footage—was sufficient to prove his identity as one of the assailants.

Under the applicable standard of review, a rational trier of fact could have found beyond a reasonable doubt that appellant intentionally threatened the complainant with fear of imminent bodily injury or death, by using and exhibiting a deadly weapon, in the course of committing theft and with intent to obtain or maintain control of the property. *See Johnson v. State*, 509 S.W.3d at 324; *Walker v. State*, 180 S.W.3d at 832–33; *Neelys v. State*, 374 S.W.3d 553, 559; *Guevara v. State*, 152 S.W.3d at 50. Finding no merit in appellant's challenge to the sufficiency of the evidence supporting his conviction for aggravated robbery, we overrule appellant's fourth issue.

**B. Did the trial court reversibly err by ruling that appellant "opened the door" to extraneous evidence of the use of a firearm?**

In his first issue, appellant complains that because he had not opened the door, the trial court should not have admitted evidence of extraneous offenses

committed by appellant during which he or one of his coconspirators used a firearm.

We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Gonzalez v. State*, 544 S.W.3d 363, 370 (Tex. Crim. App. 2018). A trial court abuses its discretion when its decision lies outside the zone of reasonable disagreement. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). We may not substitute our own decision for that of the trial court. *Moses v. State*, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). We uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case. *Seidule v. State*, 622 S.W.3d 480, 489 (Tex. App.—Houston [14th Dist.] 2021, no pet.).

In a criminal case, the prosecution may introduce extraneous evidence after the defendant opens the door by raising a defensive theory that would tend to negate an element of the offense. Tex. R. Evid. 404(b)(2). On cross-examination, the responses elicited from the State's witnesses . . . must be sufficient to construct a defensive theory before the State may introduce extraneous-offense evidence in rebuttal." *Bargas v. State*, 252 S.W.3d 876, 890 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd). "To raise a defensive theory sufficient to open the door to the introduction of the extraneous-offense evidence, the cross-examination responses must undermine the State's testimony and effectively place in controversy a fact that testimony was offered to prove." *Id*.

At trial, appellant objected that he had not opened the door to extraneous offense evidence. Based on his conversation with the trial court, it is not entirely clear whether his ultimate running objection was limited solely to that point or if it extended to a general objection to admissibility under Rule 404(b)(1). However, we need not consider the scope of the objection because appellant's only argument

10

on appeal is that he had not opened the door.

The trial court found that appellant's cross-examination of the complainant "opened the door [by] saying that he did not use a gun, that there's not knowledge of a gun, there wasn't use of a gun, you couldn't tell if there was a gun, that he never possessed a gun during this crime." The complainant's testimony was the only evidence that a firearm was used during the December 21 robbery. By suggesting that the complainant did not see a gun or that the object he saw was not a real gun, appellant undermined the credibility of the State's witness and the witness's testimony that his assailants had threatened him with a firearm. *See Ransom v. State*, 920 S.W.2d 288, 301 (Tex. Crim. App. 1994) ("[E]xtraneous offenses are admissible to rebut defensive theories raised by the testimony of a State's witness during cross-examination."); *Martin v. State*, 173 S.W.3d 463, 466 (Tex. Crim. App. 2005) ("[E]xtraneous-offense evidence may be admissible when a defendant raises a defensive issue that negates one of the elements of the offense"). The trial court did not abuse its discretion by ruling that appellant opened the door to evidence of the extraneous offenses where a firearm was used.

We overrule appellant's first issue.

## C. Did the trial court abuse its discretion by admitting extraneous offense evidence even though appellant was not identified as an assailant?

Appellant complains in his second issue that the trial court erred by admitting extraneous evidence of two other aggravated robberies at the punishment stage of his trial. Specifically, he argues that because the witnesses did not identify him as an assailant, his criminal responsibility could not be proven beyond a reasonable doubt, so the extraneous offense evidence was therefore not relevant under Article 37 of the Texas Code of Criminal Procedure. Tex. Code Crim. Pro. art. 37.07 § 3(a)(1).

11

As a threshold matter, we find that appellant failed to preserve this issue for appeal. Preservation of an issue requires that the objection "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context . . . ." Tex. R. App. P. 33.1. Moreover, the objection at trial must comport with the complaint raised on appeal. Tex. R. App. P. 33.1(a)(1); *Sanchez v. State*, 595 S.W.3d 331, 336–37 (Tex. App.—Houston [14th Dist.] 2020, no pet.). Aside from his running objection to all extraneous offense evidence, appellant did not object to the relevance of the evidence offered at the punishment stage, nor did he object that the offenses could not be attributed to him beyond a reasonable doubt. His only objection to extraneous offense evidence was that he had not opened the door. At most, we might reasonably extend the scope to a general objection under Rule 404(b)(1) of the Texas Rules of Evidence. Tex. R. Evid. 404(b)(1) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). Even in that case, appellant failed to raise a complaint under Article 37. He only renewed his running objection at the punishment stage; he did not challenge the punishment witness's testimony on the grounds now raised on appeal. His original objection during the guilt-innocence stage could not have implicated Section 3 of Article 37. *See Allen v. State*, No. 14–12–01086–CR, 2014 WL 3587372, at *6 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd) (mem. op., not designated for publication) (holding that defendant's objection at trial that State's notice of extraneous offenses was deficient because it allegedly contained an incorrect date did not preserve complaint that notice was deficient because it did not state the name of the alleged victim or the county in which the bad act occurred). Therefore, we find that appellant did not adequately preserve his second issue, forfeiting his right to appeal

12

it.

We overrule appellant's second issue.

**D. Did the trial court err by admitting evidence of appellant's confession?**

In his third issue, appellant complains that the trial court abused its discretion by admitting evidence of his confession because the officer conducting his interrogation did not ask whether he wanted to waive his *Miranda* rights. *See Miranda v. Arizona*, 384 U.S. 436 (1966).

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *Ramirez-Tamayo v. State*, 537 S.W.3d 29, 35 (Tex. Crim. App. 2017). The trial judge is the sole trier of fact and judge of credibility of witnesses at a motion to suppress hearing. *Lerma v. State*, 543 S.W.3d 184, 190 (Tex. Crim. App. 2018). Therefore, we afford almost complete deference to the trial court's determination of historical facts. *Id*. However, we review *de novo* the legal significance of those facts. *Ramirez-Tamayo*, 537 S.W.3d at 35.

We must view the evidence in the light most favorable to the trial court's decision on the motion. *State v. Garcia*, 569 S.W.3d 142, 152–53 (Tex. Crim. App. 2018). When, as here, the trial court does not make explicit findings of fact, we presume that the court made implicit findings of fact, if supported by the record. *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). We sustain the trial court's decision on the motion if it is correct under any applicable theory of law. *State v. Cortez*, 543 S.W.3d 198, 203 (Tex. Crim. App. 2018). We may reverse only when the decision is arbitrary, unreasonable, or outside the zone of reasonable disagreement. *Id*.

No oral statement of an accused made as a result of custodial interrogation shall be admissible against the accused in a criminal proceeding unless the accused

13

was warned of his rights knowingly, intelligently, and voluntarily waived the rights set out in the warning. Tex. Code Crim. Pro. Art. 38.22 § 3(a)(2). However, an express waiver is not required. *Joseph v. State*, 309 S.W.3d 20, 25 (Tex. Crim. App. 2010). A valid waiver is not presumed from the silence of the accused after warnings are given or from the fact that an admission is obtained, but it can be inferred from the words and actions of the interrogated person. *Id*. The trial court may rely on an implied waiver whenever the totality of the circumstances, as reflected by the recording of the oral statement, supports it. *Leza v. State*, 351 S.W.3d 344, 353 (Tex. Crim. App. 2011). A recording showing that warnings were given, the accused understood his rights, and the accused did not invoke those rights is sufficient to demonstrate a valid *Miranda* waiver. *Umana v. State*, 447 S.W.3d 346, 356 (Tex. App.—Houston [14th Dist.] 2014); *Berghuis v. Thompkins*, 560 U.S. 370, 384 (2010).

Appellant has not disputed, either at trial or on appeal, that he was warned of his rights pursuant to *Miranda*, and Article 38.22 of the Texas Code of Criminal Procedure. Nor has he disputed that he understood his rights after receiving the warnings. Appellant acknowledged his *Miranda* warnings, accepted the officer's invitation to speak with him, and gave uncoerced responses to officers' questions without invoke his rights. We conclude that the totality of the circumstances supports the trial court's reliance on appellant's implied waiver of his rights.

We overrule appellant's third issue.

### III. CONCLUSION

Affording the proper deference to the trial court, we find that the trial court did not abuse its discretion in ruling that appellant opened the door to extraneous offense evidence or in ruling that appellant waived his *Miranda* rights. We also

14

find that the evidence presented at trial was sufficient to support appellant's conviction and that appellant did not preserve his second issue at the trial court. Accordingly, we overrule all of appellant's four issues and affirm the judgment of the trial court.

/s/  Randy Wilson
Justice

Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.

Do not publish — TEX. R. APP. P. 47.2(b).